RECEIPT # 57205
AMOUNT $ 150
SUMMONS ISSUED 2
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 7-13-04

Rec #57205
7/13/04

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEIGHBORHOOD ASSOCIATION OF THE BACK BAY, INC.<br>Plaintiff<br><br>FEDERAL TRANSIT ADMINISTRATION and MASSACHUSETTS BAY TRANSPORTATION AUTHORITY<br>Defendants | CIVIL ACTION NO.<br><br>**04-11550 EFH**<br><br>COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF<br><br>MAGISTRATE JUDGE _____ |

## PARTIES

1. Plaintiff Neighborhood Association of the Back Bay, Inc. ("NABB") is a charitable corporation with a principal place of business at 337 Newbury Street, Boston, Massachusetts.

2. Defendant Federal Transit Administration ("FTA") is an administration within the United States Department of Transportation, with a principal place of business at 400 7th Street SW, Washington, D.C. and with a regional office for Region I, which includes Boston, at the Transportation Systems Center, Kendall Square, 55 Broadway Suite 920, Cambridge, Massachusetts.

3. Defendant Massachusetts Bay Transportation Authority ("MBTA") is a body politic and corporate and a political subdivision of the Commonwealth of

1

Massachusetts, with a principal place of business at 10 Park Plaza, Boston, Massachusetts.

## JURISDICTION

4.     The action arises under 16 U.S.C. §470f, 42 U.S.C. §1983 and under 49 U.S.C. §303, as hereinafter more fully appears. In addition to jurisdiction for the existence of a federal question under 28 U.S.C. §1331, this is a civil action against the United States founded upon Acts of Congress and regulations of executive departments, providing jurisdiction under 28 U.S.C. §1346.

## AGENCY PROCEEDINGS

5.     The MBTA intends to add a new entrance to its Arlington Street Station in Boston, Massachusetts. This proposed entrance includes a stairway and elevator on the north sidewalk of Boylston Street in Boston, between Arlington Street and Berkeley Street, about 120 feet west of Arlington Street.

6.     Upon information and belief, the MBTA expects to pay for its proposed new entrance to Arlington Street Station with federal funds from the U.S. Department of Transportation. The MBTA also receives other federal funds.

7.     The MBTA's proposed entrance to Arlington Street Station partially obstructs the view of the Arlington Street Church, an historic structure on the corner of Arlington Street and Boylston Street in Boston.

8.     Upon information and belief, the Arlington Street Church is a national historic landmark.

9.     Upon information and belief, the Arlington Street Church is listed in the National Register of Historic Places.

2

10. Upon information and belief, the Arlington Street Church is listed in the State Register of Historic Places.

11. Upon information and belief, the Boston Landmarks Commission, a commission within the City of Boston Environment Department, designated the Arlington Street Church a Boston Landmark

12. Upon information and belief, the Arlington Street Church is part of the Back Bay Architectural District, an historic district designated and protected by Massachusetts statutes, St. 1966, c. 625, as amended.

13. The Back Bay of Boston is particularly protected as an architecturally significant historic district by Massachusetts statutes, St. 1966, c. 625, as amended.

14. The Arlington Street Church is a significant historic site.

15. On May 14, 2004, Richard Doyle, the FTA's Regional Administrator for Region I, issued a document entitled Finding of No Significant Impact ("Finding") for the MBTA's proposed new entrance to its Arlington Street Station. Mr. Doyle issued this Finding both under §106 of the Federal Historic Preservation Act (16 U.S.C. §470f) ("§106") and §4(f) of the Department of Transportation Act of 1966 (49 U.S.C. §303) ("§4(f)"). A copy of the Finding is hereto annexed as Exhibit A.

16. Regional Administrator Doyle's Finding stated that the proposed Arlington Street Station entrance

3

(a) would not adversely affect the historic qualities of the Arlington Street Church

(b) would have no adverse effect on the Back Bay Historic District.

17. Regional Administrator Doyle made his findings of a lack of adverse effect on the historical qualities of the proposed Arlington Street Station entrance despite the following.

(a) The proposed entrance will partially block the view of the Arlington Street Church.

(b) The Finding contains the contradictory statement that another proposed location for the Arlington Street Station entrance was "rejected" "due to its obstruction of the view of this National Historic Landmark Church."

(c) There are other feasible alternative sites, both mentioned in the Finding and not mentioned in the Finding, which do not obstruct the view of the Arlington Street Church or adversely affect any historic site.

(d) The Finding rejected other sites due to the objection of abutting owners (including a site with a building less than fifteen years old), which is not a basis for rejection of alternative sites or an excuse for adversely affecting a historic site either under §106, under §4(f) or under the regulations under these statutes

(e) The Finding attempts to justify its determination of a lack of adverse impact upon the MBTA's planned "[m]itigating measures" to the Arlington Street Church which do not eliminate or reduce the obstruction of view caused by the proposed

entrance to Arlington Street Station and by themselves constitute further adverse impact on the historic fabric of the church.

(f)     The Finding rejected other sites based on a comparison of pedestrian traffic studies among possible entrance locations which were all rejected, but without any comparison of pedestrian traffic at the site selected for the proposed station entrance and without any documentation of said traffic at any of the sites.

(g)     The Finding rejected other sites based on a purported concern that the sidewalk was too narrow, even though the sidewalk in rejected station entrance locations is scheduled to be made wider and the sidewalk in the presently proposed and approved station entrance location is scheduled to be narrowed.

(h)     The Finding rejected proposed station entrance locations due to purported adverse traffic impacts, despite the Environmental Assessment (on which the Finding was apparently based) making clear that the adverse traffic impacts were only during construction, and despite the relatively common occurrence of such temporary adverse traffic impacts during construction in many, if not most, substantial downtown Boston and Back Bay construction projects.

18.     Because feasible alternative locations for a new elevator entrance to Arlington Street Station exist which would not impact any historic interests, the approval and construction of the proposed new entrance in a location partially obstructing the view of the Arlington Street Church violates the §106 of the National Historic Preservation Act and §4(f) of the Department of Transportation Act of 1966.

19. The MBTA's proposed construction of a new entrance to Arlington Street Station in a location partially obstructing the view of the historic Arlington Street Church, when feasible alternative locations exist which would not impact any historic interests, would be a violation of federal law by the MBTA acting under color of law and implementing a decision officially adopted by the MBTA's officers.

20. Due to the inconsistencies and lack of sensible reasoning noted above, for other reasons on the face of the Finding, and for the lack of support for the Finding in the material presented to the Federal Transit Administration, the Finding is arbitrary, capricious, an abuse of discretion, otherwise not in accordance with law and unsupported by substantial evidence.

## NABB STANDING

21. Plaintiff NABB is not only located in the same Back Bay Historic District as the historic Arlington Street Church, NABB is also a charitable corporation whose membership is composed of residents of the Back Bay Historic District.

22. One purpose of plaintiff NABB's existence as a charitable corporation is to preserve and protect the architectural beauty of Back Bay.

23. Plaintiff NABB includes an Architectural Committee which reviews and comments on projects that have an impact on the architectural and historic

interests and streetscapes of Back Bay, including preservation of the historic nature of Back Bay and its buildings.

## APPROPRIATENESS OF INJUNCTIVE RELIEF

24.     The construction of a permanent entrance structure to Arlington Street Station, which will partially obstruct the view of the historic Arlington Street Church, will cause irreparable harm to the plaintiff and its members.

25.     The injury of partially obstructing the view of the historic Arlington Street Church will outweigh the harm to any defendant if injunctive relief is granted.

25.     An injunction serves the public interest by protecting the historic views of the Arlington Street Church.

Wherefore the plaintiff demands

(1)     that the Court set aside the FTA Regional Administrator's May 14, 2004 Finding of No Significant Impact in the MBTA's proposed construction of a new stair and elevator entrance to Arlington Street Station

(2)     that a preliminary and final injunction be issued prohibiting the MBTA from constructing a new entrance to Arlington Street Station which partially obstructs the view of the Arlington Street Church, under §106 of the Federal Historic Preservation Act, under §4(f) of the Department of Transportation Act of 1966 and under 42 U.S.C. §1983

(3)     that the Court award costs to the plaintiff including attorney fees

(4)   that the Court order such other relief as it deems just.

                                       Plaintiff Neighborhood Association
                                       of the Back Bay, Inc.

                                       By its attorney

                                       */s/ Gerald Fabiano*
                                       Gerald Fabiano  BBO No. 157130
                                       Pierce, Davis & Perritano, LLP
                                       10 Winthrop Square  5th Floor
                                       Boston, MA 02110
                                       617-340-0950

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
Neighborhood Association of the Back Bay, Inc.

(b) County of Residence of First Listed Plaintiff **Suffolk**
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Geral Fabiano
Pierce, Davis & Perritano, LLP
Ten Winthrop Sq. Boston, MA 02110
(617) 350-0950 ext 103

### DEFENDANTS
Federal Transit Administration,
Massachusetts Bay Transit Authority

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

**04-11550 EFH**

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug |  | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |  |  |  | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
|  | **PERSONAL INJURY** | ☐ 640 R.R. & Truck |  | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 151 Medicare Act | ☐ 362 Personal Injury — Med. Malpractice | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 810 Selective Service |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 365 Personal Injury — Product Liability | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 690 Other | ☐ 840 Trademark | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 330 Federal Employers' Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 340 Marine | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
|  | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
|  | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
|  | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 865 RSI (405(g)) |  |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 385 Property Damage Product Liability | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 210 Land Condemnation | ☐ 441 Voting | **PRISONER PETITIONS** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |  |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | ☐ 720 Labor/Mgmt. Relations | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | Habeas Corpus: | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☒ 890 Other Statutory Actions |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 530 General | ☐ 740 Railway Labor Act |  |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation |  |
| ☐ 290 All Other Real Property |  | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act |  |
|  |  | ☐ 550 Civil Rights | ☐ 871 IRS — Third Party 26 USC 7609 |  |
|  |  | ☐ 555 Prison Condition |  |  |

### V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
16 U.S.C. § 470f and 49 U.S.C. § 303, for review of Federal Transit Administration's determination that proposed MBTA project had no adverse impact on historic structure, and under 42 U.S.C. § 1983 against MBTA.

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND$ Declaratory and injunctive relief
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

### VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE July 12, 2004
SIGNATURE OF ATTORNEY OF RECORD _____

FOR OFFICE USE ONLY
RECEIPT # ___ AMOUNT ___ APPLYING IFP ___ JUDGE ___ MAG. JUDGE ___

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) <u>Neighborhood Association of the Back Bay, Inc. v. Federal Transit Administration et al.</u>

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   __ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   X  II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
           740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.      for patent, trademark or copyright cases

   __ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
           315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
           380, 385, 450, 891.

   __ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
           690, 810, 861-865, 870, 871, 875, 900.

   __ V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

   YES ☐   NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES ☐   NO ☒

7. Do <u>all</u> of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES ☐   NO ☒

   A. If yes, in which division do <u>all</u> of the non-governmental parties reside?

      Eastern Division ☒   Central Division ☐   Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

      Eastern Division ☐   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME <u>Gerald Fabiano</u>
ADDRESS <u>Pierce Davis & Perritano LLP, 10 Winthrop Sq., Boston, MA 02110</u>
TELEPHONE NO. <u>617-350-0950</u>

(Filing Category Form.wpd - 10/17/02)