UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ) | |
| ) | |
| NEIGHBORHOOD ) | CIVIL ACTION |
| ASSOCIATION OF THE BACK ) | NO. 04cv11550-RCL |
| BAY, INC., DOROTHY ) | |
| BOWMER, MARIANNE ) | |
| CASTELLANI, ANN D. ) | |
| GLEASON AND FREDERICK ) | |
| C. GLEASON ) | SECOND AMENDED COMPLAINT |
| Plaintiffs ) | FOR DECLARATORY AND |
| ) | INJUNCTIVE RELIEF |
| v. ) | |
| ) | |
| FEDERAL TRANSIT ) | |
| ADMINISTRATION and ) | |
| MASSACHUSETTS BAY ) | |
| TRANSPORTATION ) | |
| AUTHORITY ) | |
| Defendants ) | |
| ) | |

PARTIES

1.     Plaintiff Neighborhood Association of the Back Bay, Inc. ("NABB")

is a charitable corporation with a principal place of business at 337 Newbury

Street, Boston, Massachusetts.

2.     Plaintiff Dorothy Bowmer resides at 3 Fairfield Street, Boston,

Massachusetts, which is within the Back Bay Historic District.

3.     Plaintiff Marianne Castellani resides at 251 Commonwealth Avenue,

Boston, Massachusetts, which is within the Back Bay Historic District.

4.      Plaintiff Ann D. Gleason resides at 114 Commonwealth Avenue, Boston, Massachusetts, which is within the Back Bay Historic District.

4.      Defendant Federal Transit Administration ("FTA") is an administration within the United States Department of Transportation, with a principal place of business at 400 7th Street SW, Washington, D.C. and with a regional office for Region I, which includes Boston, at the Transportation Systems Center, Kendall Square, 55 Broadway Suite 920, Cambridge, Massachusetts.

5.      Defendant Massachusetts Bay Transportation Authority ("MBTA") is a body politic and corporate and a political subdivision of the Commonwealth of Massachusetts, with a principal place of business at 10 Park Plaza, Boston, Massachusetts.

6.      Plaintiff NABB is not only located in the same Back Bay Historic District as the historic Arlington Street Church, NABB is also a charitable corporation whose membership is composed of residents of the Back Bay Historic District.

7.      One purpose of plaintiff NABB's existence as a charitable corporation is to preserve and protect the architectural beauty of Back Bay.

8.      Plaintiff NABB includes an Architectural Committee which reviews and comments on projects that have an impact on the architectural and historic interests and streetscapes of Back Bay, including preservation of the historic nature of Back Bay and its buildings.

2

JURISDICTION

9.     The action arises under 16 U.S.C. §470f, 42 U.S.C. §1983 and under 49 U.S.C. §303, as hereinafter more fully appears.  In addition to jurisdiction for the existence of a federal question under 28 U.S.C. §1331, this is a civil action against the United States founded upon Acts of Congress and regulations of executive departments, providing jurisdiction under 28 U.S.C. §1346.  The remaining claims are so related to the claims under federal law that they form part of the same case or controversy, providing supplemental jurisdiction under 28 U.S.C. §1367(a).

PROPOSED MBTA PROJECT AT ARLINGTON STREET CHURCH

10.     The MBTA intends to add a new entrance to its Arlington Street Station in Boston, Massachusetts.  This proposed entrance includes a stairway and elevator on the north sidewalk of Boylston Street in Boston, between Arlington Street and Berkeley Street, about 120 feet west of Arlington Street.

11.     Upon information and belief, the MBTA expects to pay for its proposed new entrance to Arlington Street Station in whole or in part with federal funds from the U.S. Department of Transportation.  The MBTA also receives other federal funds.

12.     The MBTA's proposed entrance to Arlington Street Station partially obstructs the view of the Arlington Street Church, a historic structure on the northwest corner of Arlington Street and Boylston Street in Boston.

## HISTORIC STATUS OF ARLINGTON STREET CHURCH

13.    Upon information and belief, the Arlington Street Church is a national historic landmark.

14.    Upon information and belief, the Arlington Street Church is listed in the National Register of Historic Places.

15.    Upon information and belief, the Arlington Street Church is listed in the State Register of Historic Places.

16.    Upon information and belief, the Boston Landmarks Commission, a commission within the City of Boston Environment Department, designated the Arlington Street Church a Boston Landmark

17.    Upon information and belief, the Arlington Street Church is part of the Back Bay Architectural District, a historic district designated and protected by Massachusetts statutes, St. 1966, c. 625, as amended.

18.    The Back Bay of Boston is particularly protected as an architecturally significant historic district by Massachusetts statutes, St. 1966, c. 625, as amended.

19.    The Arlington Street Church is a significant historic site.

## FEDERAL AGENCY ACTION

20.    On May 14, 2004, Richard Doyle, the FTA's Regional Administrator for Region I, issued a document entitled Finding of No Significant Impact ("Finding") for the MBTA's proposed new entrance to its Arlington Street Station.

4

Mr. Doyle issued this Finding both under §106 of the Federal Historic Preservation Act (16 U.S.C. §470f) ("§106") and §4(f) of the Department of Transportation Act of 1966 (49 U.S.C. §303) ("§4(f)"). (A copy of the Finding is hereto annexed as Exhibit A.)

21.    Regional Administrator Doyle's Finding stated that the proposed Arlington Street Station entrance

(a)    would not adversely affect the historic qualities of the Arlington Street Church

(b)    would have no adverse effect on the Back Bay Historic District.

22.    Regional Administrator Doyle made his findings of a lack of adverse effect on the historical qualities of the proposed Arlington Street Station entrance despite the following.

(a)    The proposed entrance will partially block the view of the Arlington Street Church.

(b)    The Finding contains the contradictory statement that another proposed location for the Arlington Street Station entrance was "rejected" "due to its obstruction of the view of this National Historic Landmark Church."

(c)    There are other feasible alternative sites, both mentioned in the Finding and not mentioned in the Finding, which do not obstruct the view of the Arlington Street Church or adversely affect any historic site.

(d)     The Finding rejected other sites due to the objection of abutting owners
(including a site with a building less than fifteen years old), which is not a basis for
rejection of alternative sites or an excuse for adversely affecting a historic site
either under §106, under §4(f), under Mass. G.L. c. 9, §27C or under the
regulations under these statutes

(e)     The Finding attempts to justify its determination of a lack of adverse impact
upon the MBTA's planned  "[m]itigating measures" to the Arlington Street Church
which do not eliminate or reduce the obstruction of view caused by the proposed
entrance to Arlington Street Station and by themselves constitute further adverse
impact on the historic fabric of the church.

(f)     The Finding rejected other sites based on a comparison of pedestrian traffic
studies among possible entrance locations which were all rejected, but without any
comparison of pedestrian traffic at the site selected for the proposed station
entrance and without any documentation of the pedestrian traffic at any of the
sites.

(g)     The Finding rejected other sites based on a purported concern that the
sidewalk was too narrow, even though the sidewalk in rejected station entrance
locations is scheduled to be made wider and the sidewalk in the presently proposed
and approved station entrance location is scheduled to be narrowed.

(h)     The Finding rejected proposed station entrance locations due to purported
adverse traffic impacts, despite the Environmental Assessment (on which the

Finding was apparently based) making clear that the adverse traffic impacts were only during construction, and despite the relatively common occurrence of such temporary adverse traffic impacts during construction in many, if not most, substantial downtown Boston and Back Bay construction projects.

(i)     One proposed but rejected entrance location, the southeast corner of Arlington Street and Boylston Street, fulfills the §4.3.2(1) of the ADA Accessibility Guidelines for Buildings and Facilities, "The accessible route shall, to the maximum extent feasible, coincide with the route for the general public." The entrance location the MBTA now proposes is about 120 feet from the intersection of Arlington Street and Boylston Street, where the general public enters Arlington Street Station.

(j)     Upon information and belief, locating an elevator entrance from the street level at the southeast corner of Arlington Street and Boylston Street would be less expensive than the entrance currently proposed by the MBTA, located on Boylston Street about 120 feet from Arlington Street.

(k)     The MBTA has refused to assure that it would prohibit posting of advertising on its currently proposed new entrance to Arlington Street Station, which partially obstructs the view of the historic Arlington Street Church.

## STATE AGENCY PROCEEDINGS

23.     Upon information and belief, the MBTA notified the Massachusetts Historical Commission ("MHC") of the MBTA's intention to add an elevator and

stairway entrance to Arlington Street Station in a location on Boylston Street about 120 feet west of Arlington Street, submitting not a proposed design, but a range of design options which the MBTA was considering.

24.    On June 8, 2001, an MHC official wrote to the MBTA (in a letter attached to this Amended Complaint as Exhibit B), providing comments on the MBTA submission to the MHC.  These comments described deficiencies some of the MBTA-submitted design options, and requested additional submission of proposed designs.

25.    The MHC official's June 8, 2001 letter to the MBTA is not a final decision of the MHC determining that the MBTA's proposed project will have no adverse effect, direct or indirect, on the adjacent property listed in the Massachusetts Register of Historic Places, the Arlington Street Church.

26.    Upon information and belief, the FTA submitted information to the MHC relating to the MBTA's proposed addition of an elevator entrance to Arlington Street Station on Boylston Street about 120 feet west of Arlington Street.

27.    On January 31, 2003, an MHC official wrote to the FTA (in a letter attached to this amended complaint as Exhibit C), providing comments on the FTA's submission.

28.    Although the MHC official states in the attached January 31, 2003, letter to the FTA, "I concur with the FTA's determination that the proposed project will have 'no adverse impact' on the Back Bay Historic District ...," the writer's

8

concurrence is contingent, as stated in the letter, "provided that the MBTA and the [Arlington Street] Church submit more detailed plans of the accessibility modifications to the Arlington Street Church for MHC review and approval when they become available ...."

COUNT I      VIOLATION OF NATIONAL HISTORIC PRESERVATION ACT
                 DEFENDANTS FTA and MBTA

29.    The plaintiffs incorporate the previous paragraphs into this count.

30.    The MBTA's proposed new entrance to its Arlington Street Station is a federally assisted undertaking.

31.    The construction of the MBTA's proposed new entrance to its Arlington Street Station, partially obstructing the view of the historic Arlington Street Church,

(a)    diminishes the integrity of the Arlington Street Church's location, setting, feeling and association

(b)    diminishes the integrity of the Back Bay Historic District's design, setting, materials, workmanship, feeling and association.

32.    Regional Administrator Doyle's Finding that the MBTA's proposed project has no adverse impact on the historic qualities of the Arlington Street Church or the Back Bay Historic District is arbitrary, capricious, not based upon substantial evidence, an abuse of discretion and not in accordance with law.

33.     The acceptance in Regional Administrator Doyle's Finding of the MBTA's rejection of other feasible sites which do not block the view of historic properties based on

(a)     objections of the owners of abutting, non-historic properties

(b)     traffic studies comparing pedestrian traffic with other rejected sites, but not with the site the regional administrator approved,

is arbitrary, capricious, not based upon substantial evidence, an abuse of discretion and not in accordance with law.

34.     Regional Administrator Doyle's acceptance, in his Finding, of "mitigating measures" to the Arlington Street Church, which measures do nothing to diminish the visual encroachment of the MBTA's proposed project on the view of this historic structure, but merely provide a valuable benefit to the Arlington Street Church unrelated to the project's adverse impact on the historic characteristics of that structure and this historic characteristics of the Back Bay Historic District, is arbitrary, capricious, not based upon substantial evidence, an abuse of discretion and not in accordance with law.

35.     Because the MBTA's proposed new entrance to its Arlington Street Station has an adverse impact upon the historic Arlington Street Church and upon the Back Bay Historic District, because feasible alternative locations for a new elevator entrance to Arlington Street Station which would not impact any historic interests exist, because the Finding contains the inconsistencies and lack of

10

sensible reasoning noted above, for other reasons on the face of the Finding, and for the lack of support for the Finding in the material presented to the Federal Transit Administration, the Regional Administrator's Finding, including its statement of no adverse impact, is arbitrary, capricious, not based upon substantial evidence, an abuse of discretion and not in accordance with law.

36.    The MBTA's proposed construction of a new entrance to Arlington Street Station in a location partially obstructing the view of the historic Arlington Street Church using federal funds, when feasible alternative locations exist which would not impact any historic interests, would be a violation of federal law by the MBTA acting under color of law and implementing a decision officially adopted by the MBTA's officers.

37.    The construction of a permanent entrance structure to Arlington Street Station, which will partially obstruct the view of the Historic Arlington Street Church within the Back Bay Historic District, will cause irreparable harm to the plaintiffs and to the members of plaintiff NABB.

38.    The injury of partially obstructing the view of the historic Arlington Street Church in the Back Bay Historic District will outweigh the harm to any defendant if injunctive relief is granted.

39.    An injunction serves the public interest by protecting the historic views of Arlington Street Church and protecting the historic nature of the Back Bay Historic District.

11

COUNT II    VIOLATION OF DEPARTMENT OF TRANSPORATION ACT

DEFENDANTS FTA and MBTA

40.    The plaintiffs incorporate the previous paragraphs into this count.

41.    The MBTA's proposed new entrance to its Arlington Street Station is in the significant historic site of the Back Bay Historic District.

42.    The MBTA's proposed new entrance to its Arlington Street Station includes land which is part of the significant historic site of the Arlington Street Church.

43.    The MBTA's proposed new entrance to its Arlington Street Station substantially impairs esthetic features and attributes of the Arlington Street Church and the Back Bay Historic District, including

(a)    location of that proposed entrance in such proximity to the Arlington Street Church that it obstructs primary views of the Arlington Street Church from Boylston Street and

(b)    providing a location for the posting of advertising in front of partially obstructing a view of the Arlington Street Church from Boylston Street.

(c)    substantially detracting from the setting of the Arlington Street Church which derives its value in substantial part from its setting in Back Bay, being the first and the oldest public building in Back Bay

(d)    substantially detracting from the setting of the historic site, which

substantially derives its value in substantial part from the historic character of its

architecture, which the proposed subway entrance does not reflect.

44.    Regional Administrator Doyle's Finding does not consider whether

any feasible and prudent alternative to the MBTA's proposed project exists and

whether all possible planning has been done to minimize harm to the historic

qualities of the Arlington Street Church and the Back Bay Historic District.

45.    Regional Administrator Doyle's Finding does not provide supporting

information which demonstrates unique problems or unusual factors involved in

the use of alternatives that avoid use of the Arlington Street Church or siting in the

Back Bay Historic District in a way which blocks the view of the Arlington Street

Church, or which demonstrates that the cost, social, economic, and environmental

impacts, or community disruption, resulting from such alternatives, reach

extraordinary magnitudes.

46.    The Arlington Street Church is neither a park, recreation area nor

wildlife and waterfowl refuge.

47.    The Back Bay Historic District neither a park, recreation area nor

wildlife and waterfowl refuge.

48.    The Arlington Street Church is not a transportation facility.

49.    The Back Bay Historic District is not a transportation facility.

50.    Regional Administrator Doyle's Finding does not note any consultation with the Advisory Council on Historic Preservation and or lack of objection by the Advisory Council on Historic Preservation on the regional administrator's determination of a lack of adverse effect of the MBTA's proposed project.

51.    Regional Administrator Doyle's Finding does not note any "agreement" of "no effect" or "no adverse effect" of the MBTA's proposed new entrance to Arlington Street Station, but the regional administrator merely makes that determination himself.

52.    The "mitigation" claimed by Regional Administrator Doyle's Finding does not mitigate the impact on the historic qualities of the Arlington Street Church or the Back Bay Historic District.

53.    Because the MBTA's proposed new entrance to its Arlington Street Station has an adverse impact on the historic qualities of the Arlington Street Church and the Back Bay Historic District, because feasible alternative locations for a new elevator entrance to Arlington Street Station which would not impact any historic interests exist, because the claimed mitigating measures do not mitigate the detriment to these historic qualities, because the Finding contains the inconsistencies and lack of sensible reasoning noted above, for other reasons on the face of the Finding, and for the lack of support for the Finding in the material presented to the Federal Transit Administration, the Regional Administrator's

Finding, including its statement of no adverse impact, is arbitrary, capricious, not based upon substantial evidence, an abuse of discretion and not in accordance with law.

54.    The MBTA's proposed construction of a new entrance to Arlington Street Station in a location partially obstructing the view of the historic Arlington Street Church using federal funds, when feasible alternative locations exist which would not impact any historic interests, would be a violation of federal law by the MBTA acting under color of law and implementing a decision officially adopted by the MBTA's officers.

55.    The construction of a permanent entrance structure to Arlington Street Station, which will partially obstruct the view of the Historic Arlington Street Church within the Back Bay Historic District, will cause irreparable harm to the plaintiffs and to the members of plaintiff NABB.

56.    The injury of partially obstructing the view of the historic Arlington Street Church in the Back Bay Historic District will outweigh the harm to any defendant if injunctive relief is granted.

57.    An injunction serves the public interest by protecting the historic views of Arlington Street Church and protecting the historic nature of the Back Bay Historic District.

COUNT III   VIOLATION OF MASS G. L. C. 9, §27C

DEFENDANT MBTA

58.   The plaintiffs incorporate the previous paragraphs into this count.

59.   The MHC's January 31, 2003 letter to the FTA is not a final decision determining that the MBTA's proposed project will have no adverse effect, direct or indirect, on the adjacent property listed in the Massachusetts Register of Historic Places, the Arlington Street Church.

60   Upon information and belief, a consultation process has not been completed required by the MHC regulations, 950 C.M.R. §71.07, which regulations are promulgated under Mass. G.L. c. 9, §27C.

61.   The plaintiffs have not received any Memorandum of Agreement required by MHC regulations, 950 C.M.R. §71.07, and upon information and belief, aver that such a Memorandum of Agreement does not exist.

62.   Because the MHC has neither issued a final decision determining that the MBTA's proposed project will have no adverse effect, direct or indirect, on the adjacent property listed in the Massachusetts Register of Historic Places, the Arlington Street Church, nor had its executive director sign a Memorandum of Agreement as required by the MHC regulations, the MBTA may not proceed with its project.

63.   The construction of a permanent entrance structure to Arlington Street Station, which will partially obstruct the view of the Historic Arlington

Street Church within the Back Bay Historic District, will cause irreparable harm to the plaintiffs and to the members of plaintiff NABB.

56.    The injury of partially obstructing the view of the historic Arlington Street Church in the Back Bay Historic District will outweigh the harm to any defendant if injunctive relief is granted.

57.    An injunction serves the public interest by protecting the historic views of Arlington Street Church and protecting the historic nature of the Back Bay Historic District.

Wherefore the plaintiffs demand

(1)    that the Court set aside the FTA Regional Administrator's May 14, 2004 Finding of No Significant Impact in the MBTA's proposed construction of a new stair and elevator entrance to Arlington Street Station

(2)    that a preliminary and final injunction be issued prohibiting the FTA from disbursing federal funds to the MBTA for use in the construction of any structure obstructing the view of the Arlington Street Church

(3)    that a preliminary and final injunction be issued prohibiting the MBTA from accepting any federal funds for use in the construction of any structure obstructing the view of the Arlington Street Church

(4)    that a preliminary and final injunction be issued prohibiting the MBTA from using any federal funds for the construction of any structure obstructing the view of the Arlington Street Church

(5)    that the Court declare

    (a)    that the MHC had not made a final determination that the MBTA's proposed construction at Arlington Street Station did not have any adverse effect, direct or indirect, on a property listed on the Massachusetts Historic Register, namely the Arlington Street Church

    (b)    that the MHC had not followed and completed the consultation process and the preparation and signing of a Memorandum of Agreement as required by MHC regulations, 950 C.M.R. §71.07

(6)    that a preliminary and final injunction be issued prohibiting the MBTA from constructing a new entrance to Arlington Street Station which partially obstructs the view of the Arlington Street Church

(7)    that the Court award costs to the plaintiffs including attorney fees

(8)    that the Court order such other relief as it deems just.

                    Plaintiffs Neighborhood Association of the Back Bay, Inc., Dorothy Bowmer, Marianne Castellani, Ann D. Gleason and Frederick C. Gleason

                    By their attorney

                    Gerald Fabiano  BBO No. 157130
                    Pierce, Davis & Perritano, LLP
                    10 Winthrop Square  5th Floor
                    Boston, MA 02110
                    617-350-0950

I hereby certify that a true copy of the above document was served upon Stephen M. Leonard, attorney for defendant Massachusetts Bay Transportation Authority, and upon all counsel of record, by mail, on September 20, 2004.

Gerald Fabiano

Exhibit A

# FEDERAL TRANSIT ADMINISTRATION
## REGION I

### Finding of No Significant Impact

Project: Arlington Street Station Accessibility Improvement

Applicant: Massachusetts Bay Transportation Authority

Project Location: Boston, Massachusetts

### Purpose and Need

The Americans with Disabilities Act (ADA) of 1990 requires public transit agencies to identify key stations and develop a plan to implement accessibility improvements at these stations. The Arlington Street Station has been determined to be a key station based on ADA criteria. The primary purpose of this project is to make the station compliant with the ADA.

### Alternatives Considered

Over a four-year period a total of ten different locations for the street level elevator were proposed and reviewed in meetings with state and city agencies and the community. The no build alternative was determined unacceptable since it does not provide for accessibility from the surface to the mezzanine and does not comply with the federally mandated key station plan to make the station accessible to individuals with disabilities. At a July 1997 community meeting the four corners at Arlington and Boylston Streets were rejected as possible locations. The northeast corner was not acceptable due to the National Historic Landmark status of the Public Garden. The southeast corner adjacent to Heritage on the Garden was not acceptable to the abutter and due to low pedestrian traffic from that quadrant. The southwest corner adjacent to Shreve, Crump & Low was not acceptable to the abutter and due to the narrow sidewalk. The northwest corner adjacent to the Arlington Street Church was not acceptable due to its obstruction of the view of this National Historic Landmark church.

In April 1998 a second community meeting was held to review the six remaining sites. Two of these sites further south on Arlington Street were not acceptable to the abutter and due to narrow sidewalks. A site in a "neck down" at the southeast corner was rejected due to adverse traffic effect. Two mid-block sites were also rejected due to poor accessibility and adverse traffic impacts. The accepted site moves the elevator and stair head houses about 120 feet west from the Arlington Street corner along the north side of Boylston Street, close to the Arlington Street Church Parish House.

### Proposed Project

The primary purpose of the Arlington Street Station accessibility project is to meet the federally mandated key station plan objectives of accessibility to individuals with disabilities. Making this station accessible will require new work or renovations at surface, mezzanine and platform levels. At the surface level a new elevator and an enclosed stairwell will provide access from the street to the fare mezzanine near Arlington Street Church Parish House on the north side of Boylston Street

Other accessibility improvements include a reconfiguration of the mezzanine fare array to provide accessibility, new accessible restrooms, new elevators from the mezzanine to each of the two platforms, removal of columns at the platform level to provide unobstructed access to the train doors and raising the platforms above top-of-rail to allow wheelchairs to enter the new low-floor trains by means of bridge plates at the doors.

Agency Coordination and Public Opportunity to Comment

Since 1996 the MBTA has involved a number of agencies, local officials and the public in the planning and design for the Arlington Station project. The EA was made available to the public on July 21, 2003 with the comment period closing on August 20, 2003.

Determinations and Findings
National Environmental Policy Act (NEPA) Finding

FTA served as the lead agency under NEPA for the project. The MBTA prepared an Environmental Assessment (EA) in compliance with NEPA, 42 U.S.C. 4321 et. seq. and with FTA's regulations, 23 CFR Part 771. The EA analyzes and describes the project's potential significant impacts.

After reviewing the EA and supporting documents and public comments, the FTA finds under 23 CFR 771.121 that the proposed project will have no significant adverse impacts on the environment. The record provides sufficient evidence and analysis for determining that an Environmental Impact Statement (EIS) is not required.

Section 106 Compliance
Section 106 of the National Historic Preservation Act requires the review of federally assisted projects for impacts to districts, sites, buildings, structures and objects listed in, or eligible for inclusion in the National Register of Historic Places. Federal agencies must coordinate with the State Historic Preservation Officer (SHPO) and potentially affected Tribes to make this determination. The Advisory Council on Historic Preservation (ACHP) has established procedures for the protection of historic and cultural properties in, or eligible for the National Register (36 CFR Part 800).

The project site is immediately adjacent to the Arlington Street Church and across the street from the fence of the Public Garden, both National Historic Landmarks and is within the Back Bay Historic District. The MBTA has coordinated closely with the Massachusetts Historical Commission (MHC) and the Boston Landmarks Commission (BLC) to ensure the surface elements of the Arlington Street Station accessibility improvements are compatible with these historic structures. The surface kiosks and stairwells will have granite bases with painted steel structure and railings similar to the Public Garden fence. The new stairwell and elevator will be enclosed in vandal resistant glass within the steel structures. The structures have been carefully sited and detailed to minimize their visual impact on the adjacent landmark church. During construction, the protective measures of the Arlington Street Church will include protective glazing of the Tiffany windows and plywood barriers between pedestrian traffic and the church walls. Mitigating measures at the surface restoration of the Arlington Street Church garden above the new tunnel will include bringing the granite garden wall back to its historic location at the property line, providing a new painted steel fence that will be more in keeping with the historic fence and constructing a new ADA compliant ramp and stairs to improve access to the church.

There will be no impact on the Neolithic fish weir since all construction activities will take place within 16 feet of surface grade and the top 19 feet of soil at the project site is fill from the 19th century filling of the Back Bay. The new elevator and stairwell are to be constructed on top of the tunnel roof, thus requiring no new disturbance of soils.

The MHC via letter dated January 31, 2003 concurred with FTA's determination that the proposed project will have "no adverse effect" on the Back Bay Historic District provided that the MBTA and the church submit more detailed plans of the accessibility modifications to the Arlington Street Church for MHC review and approval when they become available. Additionally, the MHC indicated that the project will have no adverse effect on the Boylston Street Fish weir, an ancient Native American fish weir site.

Water Quality

The Arlington Street Station is located in the Back Bay area of downtown Boston. The level of ground water in the Back Bay is of particular concern. Prior to construction, four new groundwater-monitoring wells will be installed in the Arlington/Boylston Street location in coordination with the Boston Groundwater Trust. During construction, ground water levels will be monitored and monitoring reports will be provided to the Boston Groundwater Trust. At project completion the four monitoring wells will be turned over to the Boston Groundwater Trust. During excavation if dewatering is required the contractor will recharge as required to maintain the existing level and to protect the wood pilings of the adjacent buildings before the dewatering begins.

Section 4(f) Findings

Section 4(f) of the Department of Transportation Act of 1966, codified as 49 U.S.C. 303, declares a national policy that a special effort should be made to preserve the natural beauty of the countryside, public park and recreational lands, wildlife and waterfowl refuges, and historic sites. The Secretary of Transportation may not approve transportation projects that adversely affect such resources unless a determination is made that there is no feasible and prudent alternative, and that all possible planning has been done to minimize harm (23 CFR 771.135). The FTA has determined that the Section 4(f) requirements do not apply since the proposed work will not adversely affect the historic qualities of the Arlington Street Church within the Back Bay Historic District.

Approved: _____    Date: May 14, 2004
Richard H. Doyle
Regional Administrator
FTA, Region 1

Concur: _____    Date: May 14, 2004
Margaret E. Foley
Regional Counsel

Exhibit B



# The Commonwealth of Massachusetts
### William Francis Galvin, Secretary of the Commonwealth
### Massachusetts Historical Commission

June 8, 2001

Diana Parcon
Manager of Environmental Construction
Massachusetts Bay Transportation Authority
Ten Park Plaza
Boston, MA  02116

RE:    MBTA Arlington Street Station Project. Light Rail Accessibility Program. Boston, MA; 19615

Dear Ms. Parcon:

Staff of the Massachusetts Historical Commission have reviewed the information you submitted, received May 7, 2001, concerning the proposed project referenced above.  The proposed project site is within the Back Bay Historic District, a district which is listed in the State and National Registers of Historic Places. After a review of the information submitted, MHC staff have the following comments.

MHC staff attended a site visit on April 4, 2001 to view changes to the head-house and kiosk designs and to view these alternatives within the context of a scale model.  Additionally, MHC has reviewed background information regarding the development of the project and the necessity for the changes to station entrance/exit and interior circulation patterns as proposed.  The MHC has reviewed various schemes for the designs of these structures and it appears that the all-glass options (drawings 2-A and 2-B) do not take any cues from the surrounding historic context.  Instead, the designs which provide textural relief from large expanses of glass appear more in keeping with the surrounding architectural details (drawings 1A and 1B) in their use of mullions, columns, and fencing.  These designs also provide a sense of scale appropriate to the surroundings through an articulated cornice as well as through their use of a gabled roof on the stair enclosure.  The MHC prefers that the MBTA continue to develop concepts as illustrated in drawings 1A and 1B.  The redesign of the staircase at Arlington Street—specifically the stair kiosk above grade in front of the Arlington Street Church—appears to be appropriately scaled and detailed.

Additionally, MHC staff have reviewed the profile drawings and soil borings you submitted.  Review of these materials indicates that the project will have no adverse effect (36 CFR 800.5(b) and 950 CMR (2)(b)(2)) on the Boylston Street Fishweir, an ancient Native American fishweir site that is listed in the National and State Registers of Historic places as a contributing element of the Back Bay Historic District.

MHC staff understand from recent discussions at the project site that the MBTA proposes to solicit public comment pursuant to Section 106 of the National Historic Preservation Act (36 CFR 800.2(d)) at an additional community meeting now that design drawings have progressed.  The MHC requests the opportunity to review more detailed designs if amended following additional review by the Back Bay Architectural Commission and the Boston Landmarks Commission.

Please also be advised that the MHC holds a preservation restriction on the Arlington Street Church (M.G.L. Chapter 184, Sec. 31-33).  MHC requests that the MBTA and the Church submit more detailed plans of any changes to the Church parcel, including the proposed "niche" re-alignment, for MHC review and approval.

220 Morrissey Boulevard, Boston, Massachusetts 02125
(617) 727-8470 • Fax: (617) 727-5128
www.state.ma.us/sec/mhc

These comments are offered to assist in compliance with Section 106 of the National Historic Preservation Act of 1966, as amended (36 CFR 800) and M.G.L. Chapter 9, Section 26-27C, as amended by Chapter 254 of the Acts of 1988 (950 CMR 71.00). Please do not hesitate to contact Ann Lattinville of my staff if you have any questions.

Sincerely,

Brona Simon

Brona Simon
Deputy State Historic Preservation Officer
State Archaeologist
Massachusetts Historical Commission

xc:     FTA
        Back Bay Architectural Commission
        Boston Landmarks Commission



Exhibit C

# The Commonwealth of Massachusetts

William Francis Galvin, Secretary of the Commonwealth
Massachusetts Historical Commission

January 31, 2003

Richard Doyle, Regional Administrator
Federal Transit Administration
Volpe Center
55 Broadway, Suite 920
Cambridge, MA 02142

RE:    MBTA Arlington Street Station Project, Light Rail Accessibility Program, Boston, MA; 19615

Dear Mr. Doyle:

The Massachusetts Historical Commission has reviewed the information you submitted concerning the proposed project referenced above. The proposed project site is within the Back Bay Historic District, a district which is listed in the State and National Registers of Historic Places. Additionally, MHC holds a preservation restriction on the Arlington Street Church (M.G.L. Chapter 184, Sec. 31-33). After a review of the information submitted, MHC staff have the following comments.

MHC staff have attended site visits and design review meetings concerning the development of the new egress points and the associated head houses and stair entries. Additionally, MHC has previously reviewed the profile drawings and soil borings you submitted. Review of these materials indicated that the project will have no adverse effect (36 CFR 800.5(b) and 950 CMR (2)(b)(2)) on the Boylston Street Fishweir, an ancient Native American fishweir site that is listed in the National and State Registers of Historic places as a contributing element of the Back Bay Historic District.

After a review of the materials submitted, I concur with the FTA's determination that the proposed project will have "no adverse effect" on the Back Bay Historic District (36 CFR 800.5(b)) provided that the MBTA and the Church submit more detailed plans of the accessibility modifications to the Arlington Street Church for MHC review and approval when they become available (M.G.L. Chapter 184, Sec. 31-33).

These comments are offered to assist in compliance with Section 106 of the National Historic Preservation Act of 1966, as amended (36 CFR 800) and M.G.L. Chapter 9, Section 26-27C, as amended by Chapter 254 of the Acts of 1988 (950 CMR 71.00). Please do not hesitate to contact Ann Lattinville of my staff if you have any questions.

Sincerely,

Brona Simon

Brona Simon
Deputy State Historic Preservation Officer
State Archaeologist
Massachusetts Historical Commission

xc:    Diana Parcon, MBTA
       Back Bay Architectural Commission
       Boston Landmarks Commission

220 Morrissey Boulevard, Boston, Massachusetts 02125
(617) 727-8470 • Fax: (617) 727-5128
www.state.ma.us/sec/mhc