IN THE DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| NEIGHBORHOOD ASSOCIATION OF THE BACK BAY, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | CASE NO.: 04-11550-RCL |
| FEDERAL TRANSIT ADMINISTRATION and MASSACHUSETTS BAY TRANSPORTATION AUTHORITY, | ) ) ) ) ) | FEDERAL TRANSIT ADMINISTRATION'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT FOR DECLARATORY |
| Defendants. | ) ) | AND INJUNCTIVE RELIEF |

Defendant Federal Transit Administration ("Defendant FTA"), by and through its

attorney, Michael J. Sullivan, United States Attorney, answers the allegations of the Second

Amended Complaint of Plaintiffs Neighborhood Association of the Back Bay, Inc., Dorothy

Bowmer, Marianne Castellani, Ann D. Gleason, and Frederick Gleason, as follows:

1.    Defendant FTA lacks information or knowledge sufficient to form a belief as to

the truth or falsity of these allegations and therefore such allegations are denied.

2.    Defendant FTA lacks information or knowledge sufficient to form a belief as to

the truth or falsity of these allegations and therefore such allegations are denied.

3.    Defendant FTA lacks information or knowledge sufficient to form a belief as to

the truth or falsity of these allegations and therefore such allegations are denied.

4.    Defendant FTA lacks information or knowledge sufficient to form a belief as to

the truth or falsity of these allegations and therefore such allegations are denied.

4.[sic]  Defendant FTA admits the allegations set forth in the second Paragraph 4 of Plaintiff's Second Amended Complaint.

5.    Paragraph 5 of Plaintiff's Second Amended Complaint sets forth allegations pertaining to a defendant other than FTA and therefore requires no response from FTA.

6.    Defendant FTA lacks information or knowledge sufficient to form a belief as to the truth or falsity of these allegations and therefore such allegations are denied.

7.    Defendant FTA lacks information or knowledge sufficient to form a belief as to the truth or falsity of these allegations and therefore such allegations are denied.

8.    Defendant FTA lacks information or knowledge sufficient to form a belief as to the truth or falsity of these allegations and therefore such allegations are denied.

**JURISDICTION**

9.    Paragraph 9 of Plaintiff's Second Amended Complaint sets forth a statement of jurisdiction and as such is a legal conclusion to which no response is required and/or the allegations contained in the second sentence of Paragraph 9 are conclusions of law to which no response is required.  To the extent Paragraph 9 is deemed to set forth factual allegations to which a response is required, such allegations are denied.

**PROPOSED MBTA PROJECT AT ARLINGTON STREET CHURCH**

10.    Defendant FTA admits that there is a proposed new entrance to the Arlington Street Station that includes a stairway and elevator on the north sidewalk of Boylston Street in Boston, between Arlington Street and Berkeley Street, about 120 feet west of Arlington Street.

2

11.    Defendant FTA admits that federal funds have been obligated by defendant FTA for construction of the new station.  The second sentence of Paragraph 11 sets forth allegations pertaining to a defendant other then FTA and therefore requires no response from FTA.

12.    Paragraph 12 of Plaintiff's Second Amended Complaint sets forth plaintiff's characterization of facts and/or conclusions of law to which no response is required; except that defendant FTA admits that Arlington Street Church is located at the northwest corner of Arlington Street and Boylston Street in Boston.

## HISTORICAL STATUS OF ARLINGTON STREET CHURCH

13.    Defendant FTA denies the allegations set forth in Paragraph 13 of Plaintiff's Second Amended Complaint.  Further answering, Defendant FTA states that upon information and belief the church is not technically a national historic landmark, although defendant FTA itself has referred to it as such.

14.    Defendant FTA admits the allegations set forth in Paragraph 14 of Plaintiff's Second Amended Complaint.

15.    Defendants admit the allegations set forth in Paragraph 15 of Plaintiff's Second Amended Complaint.

16.    Defendant FTA admits the allegations set forth in Paragraph 16 of Plaintiff's Second Amended Complaint.

17.    Defendant FTA admits the Arlington Street Church is part of the Back Bay *Historic* (not "Architectural") District.  Further answering, Defendant FTA refers the Court to the text of the statue and regulations cited in Paragraph 17 of Plaintiff's Second Amended

Complaint for a true and complete statement of the contents thereof. To the extent that Plaintiff paraphrases, or characterizes the meaning of, the statute and regulations, no response is required.

18.    The allegations contained in Paragraph 18 of Plaintiff's Second Amended Complaint are conclusions of law to which no response is required. To the extent Paragraph 18 is deemed to set forth factual allegations to which a response is required, such allegations are denied.

19.    The allegations contained in Paragraph 19 of Plaintiff's Second Amended Complaint constitute Plaintiff's characterization and/or legal conclusion to which no response is required. To the extent that Paragraph 19 is deemed to set forth factual allegations to which a response is required, such allegations are denied.

## FEDERAL AGENCY ACTION

20.    Defendant FTA admits the allegations set forth in Paragraph 20 of Plaintiff's Second Amended Complaint but refers the Court to the text of the "Finding" and the statutes cited for a true and complete statement of the contents thereof. Further answering, Defendant FTA notes that 16 U.S.C. § 470f is the *National*, not "Federal" Historic Preservation Act.

21.(a)   Defendant FTA admits the allegations set forth in Paragraph 21.(a) of Plaintiff's Second Amended Complaint but refers the Court to the text of the document referred to for a true and complete statement of the contents thereof.

21.(b)   Defendant FTA admits the allegations set forth in Paragraph 21.(b)of Plaintiff's Second Amended Complaint but refers the Court to the text of the document referred to for a true and complete statement of the contents thereof.

22.(a)  The allegations contained in Paragraph 22.(a) of Plaintiff's Second Amended Complaint constitute Plaintiff's characterization of this action and/or a legal conclusion and as such, no response is required.  To the extent that Paragraph 22.(a) is deemed to set forth factual allegations to which a response is required, such allegations are denied.

22.(b)  Defendant FTA denies the allegations set forth in Paragraph 22.(b) of Plaintiff's Second Amended Complaint.  Further answering, Defendant FTA states that the accepted site moved the stairs/elevator 120 feet west from the corner, farther away from the church.

22.(c)  The allegations contained in Paragraph 22.(c) of Plaintiff's Second Amended Complaint constitute Plaintiff's characterization and opinion of this action and/or legal conclusions, and as such, no response is required.  To the extent that Paragraph 22.(c) is deemed to set forth factual allegations to which a response is required, such allegations are denied.

22.(d)  Defendant FTA denies the allegations set forth in Paragraph 22.(d) of Plaintiff's Second Amended Complaint.  Further answering, Defendant FTA  refers the Court to the text of the statutes and regulations referred to for a true and complete statement of the contents thereof.

22.(e)  Defendant FTA denies the allegations set forth in Paragraph 22.(e) of Plaintiff's Second Amended Complaint.

22.(f)  Defendant FTA denies the allegations set forth in Paragraph 22.(f) of Plaintiff's Second Amended Complaint.

22.(g)  Defendant FTA denies the allegations set forth in Paragraph 22.(g) of Plaintiff's Second Amended Complaint.

22.(h)  Defendant FTA denies the allegations set forth in Paragraph 22.(h) of Plaintiff's Second Amended Complaint.

22.(i)    Defendant FTA denies the allegations set forth in Paragraph 22.(i) of Plaintiff's Second Amended Complaint.

22.(j)    Defendant FTA admits that a 1997 site analysis indicates that locating the elevator entrance on the southeast corner would be less expensive.  Further answering, Defendant FTA states that other considerations, including pedestrian traffic and the federal requirement that an accessible route for persons with disabilities shall, to the maximum extent practicable, coincide with the circulation path for the general public, showed the northwest site to be more desirable.

22.(k)   Defendant FTA lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 22.(k) of Plaintiff's Second Amended Complaint and therefore such allegations are denied.

## STATE AGENCY PROCEEDINGS

23.      Paragraph 5 of Plaintiff's Second Amended Complaint sets forth allegations pertaining to a defendant other than FTA and therefore requires no response from FTA.

24.      In response to the allegations set forth in Paragraph 24 of Plaintiff's Second Amended Complaint, Defendant FTA refers the Court to the text of the document cited for a true and complete statement of the contents thereof.  To the extent that Plaintiff paraphrases, or characterizes the meaning of, the document, no response is required.

25.      In response to the allegations set forth in Paragraph 25 of Plaintiff's Second Amended Complaint, Defendant FTA refers the Court to the text of the document cited for a true and complete statement of the contents thereof.  To the extent that Plaintiff paraphrases, or characterizes the meaning of, the document, no response is required.

26.     Defendant FTA admits the allegations set forth in Paragraph 26 of Plaintiff's Second Amended Complaint.

27.     Defendants admit that an MHC official wrote to the FTA as alleged in Paragraph 27 of Plaintiff's Second Amended Complaint.  Further answering, Defendant FTA refers the Court to the text of the document cited for a true and complete statement of the contents thereof.

28.     Defendant FTA admits the allegations set forth in Paragraph 28 of Plaintiff's Second Amended Complaint, except that the letter refers to "no adverse effect," not adverse "impact."  Further answering, Defendant FTA refers the Court to the text of the document cited for a true and complete statement of the contents thereof.

**COUNT 1     VIOLATION OF NATIONAL HISTORIC PRESERVATION ACT
                    DEFENDANTS FTA and MBTA**

29.     Defendant FTA restates and incorporates herein its responses to the allegations contained in Paragraphs 1 through 28 of the Plaintiff's Second Amended Complaint, above.

30.     Defendant FTA admits the allegations set forth in Paragraph 30 of Plaintiff's Second Amended Complaint.

31.     The allegations set forth in Paragraph 31 constitute Plaintiff's characterization and opinion of this action to which no response is required.  To the extent that Paragraph 31 is deemed to set forth factual allegations to which a response is required, such allegations are denied.

31.(a)  Defendant FTA denies the allegations set forth in Paragraph 31.(a) of Plaintiff's Second Amended Complaint.

31.(b)  Defendant FTA denies the allegations set forth in Paragraph 31.(b) of Plaintiff's Second Amended Complaint.

32.     Defendant FTA denies the allegations set forth in Paragraph 32 of Plaintiff's Second Amended Complaint.

33.     The allegations contained in Paragraph 33 of Plaintiff's Second Amended Complaint are conclusions of law to which no response is required.  To the extent Paragraph 33 is deemed to set forth factual allegations to which a response is required, such allegations are denied.

34.     Defendant FTA denies the allegations set forth in Paragraph 34 of Plaintiff's Second Amended Complaint

35.     Defendant FTA denies the allegations set forth in Paragraph 35 of Plaintiff's Second Amended Complaint

36.     Paragraph 36 of Plaintiff's Second Amended Complaint refers to a Defendant other than FTA and therefore, requires no response from Defendant FTA.

37.     The allegations contained in Paragraph 37 of Plaintiff's Second Amended Complaint constitute Plaintiff's characterization and opinion of this action and/or conclusions of law and as such no response is required.  To the extent that Paragraph 37 is deemed to set forth factual allegations to which a response is required, such allegations are denied.

38.     Defendant FTA denies the allegations set forth in Paragraph 38 of Plaintiff's Second Amended Complaint.

39.     Defendant FTA denies the allegations set forth in Paragraph 39 of Plaintiff's Second Amended Complaint

**COUNT II     VIOLATIONS OF DEPARTMENT OF TRANSPORTATION ACT
                    DEFENDANTS FTA and MBTA**

40.     Defendant FTA restates and incorporates herein its responses to the allegations contained in Paragraphs 1 through 39 of the Plaintiff's Second Amended Complaint, above.

41.     Defendant FTA admits that the Arlington Street Church is located within the Back Bay Historic District.  Defendant FTA denies the remaining allegations contained in Paragraph 41 of Plaintiff's Second Amended Complaint.

42.     Defendant FTA denies the allegations set forth in Paragraph 42 of Plaintiff's Second Amended Complaint.

43.     Defendant FTA denies the allegations set forth in Paragraph 43 of Plaintiff's Complaint.

43.(a)   The allegations contained in Paragraph 43.(a) of Plaintiff's Second Amended Complaint constitute Plaintiff's characterization and opinion of this action and as such, no response is required.  To the extent that Paragraph 43.(a) is deemed to set forth factual allegations to which a response is required, such allegations are denied.

43.(b)   Defendant FTA lacks information or knowledge sufficient to form a belief as to the truth or falsity of these allegations and therefore such allegations are denied.

43.(c)   Defendant FTA denies the allegations set forth in Paragraph 43.(c) of Plaintiff's Second Amended Complaint.

43.(d)   Defendant FTA denies the allegations set forth in Paragraph 43.(d) of Plaintiff's Second Amended Complaint.

44.     Defendant FTA denies the allegations set forth in Paragraph 44 of Plaintiff's Second Amended Complaint, in that the considerations listed by Plaintiff were not required since Defendant FTA determined there would be no "use" of the Arlington Street Church.

45.    Defendant FTA denies the allegations set forth in Paragraph 45 of Plaintiff's Second Amended Complaint, in that the considerations listed by Plaintiff were not required since Defendant FTA determined there would be no "use" of the Arlington Street Church.

46.    Defendant FTA admits the allegations set forth in Paragraph 46 of Plaintiff's Second Amended Complaint.

47.    Defendant FTA admits the allegations set forth in Paragraph 47 of Plaintiff's Second Amended Complaint, except that Defendant FTA states that the District contains Public Gardens.

48.    Defendant FTA admits the allegations set forth in Paragraph 48 of Plaintiff's Second Amended Complaint.

49.    Defendant FTA admits the allegations set forth in Paragraph 49 of Plaintiff's Second Amended Complaint.

50.    Defendant FTA admits that the Finding does not note any consultation with the Advisory Council on Historic Preservation, but expressly denies that any such consultation was required under 36 C.F.R. 800.5(b) and (d).

51.    Defendant FTA admits that the Finding does not note any "agreement" of "no effect" or "no adverse effect," but states that the term "agreement" is ambiguous and undefined, and expressly denies that any such "agreement" was required under 36 C.F.R. 800, which provides that FTA makes a finding concerning "no adverse effect" in consultation with the Massachusetts Historical Commission.

52.    Defendant FTA denies the allegations set forth in Paragraph 52 of Plaintiff's Second Amended Complaint.

10

53.     Defendant FTA denies the allegations set forth in Paragraph 53 of Plaintiff's Second Amended Complaint.

54.     Paragraph 54 of Plaintiff's Second Amended Complaint refers to a Defendant other than FTA and therefore, requires no response from Defendant FTA.

55.     The allegations contained in Paragraph 55 of Plaintiff's Second Amended Complaint constitute Plaintiff's characterization and opinion of this action and as such, no response is required.  To the extent that Paragraph 55 is deemed to set forth factual allegations to which a response is required, such allegations are denied.

56.     Assuming Plaintiffs meant to say "if any injunctive relief is *not* granted," Defendant FTA denies the allegations set forth in Paragraph 56 of Plaintiff's Second Amended Complaint.

57.     Defendant FTA denies the allegations set forth in Paragraph 57 of Plaintiff's Second Amended Complaint.

**COUNT III    VIOLATION OF MASS. G.L.C. 9 §27C DEFENDANT MBTA**

58.     Paragraph 58 of Plaintiff's Second Amended Complaint sets forth allegations pertaining to a defendant other than FTA and therefore, requires no response from FTA.

59.     Paragraph 59 of Plaintiff's Second Amended Complaint sets forth allegations pertaining to a defendant other than FTA and therefore, requires no response from FTA.

60.     Paragraph 60 of Plaintiff's Second Amended Complaint sets forth allegations pertaining to a defendant other than FTA and therefore, requires no response from FTA.

61.     Paragraph 61 of Plaintiff's Second Amended Complaint sets forth allegations pertaining to a defendant other than FTA and therefore, requires no response from FTA.

62.    Paragraph 62 of Plaintiff's Second Amended Complaint sets forth allegations pertaining to a defendant other than FTA and therefore, requires no response from FTA.

63.    Paragraph 63 of Plaintiff's Second Amended Complaint sets forth allegations pertaining to a defendant other than FTA and therefore, requires no response from FTA.

56.[sic] Paragraph 56 on page 17 of Plaintiff's Second Amended Complaint sets forth allegations pertaining to a defendant other than FTA and therefore, requires no response from FTA.

57.[sic] Paragraph 57 on page 17 of Plaintiff's Second Amended Complaint sets forth allegations pertaining to a defendant other than FTA and therefore, requires no response from FTA.

The remaining Paragraphs of Plaintiff's Complaint set forth Plaintiff's prayers for relief to which no response is required, but to the extent that a response is required, Defendants denies that Plaintiffs are entitled to any of the relief requested.  Defendants hereby deny each and every

allegation in Plaintiff's Complaint not previously admitted or otherwise responded to in this Answer.

## AFFIRMATIVE DEFENSES

### SECOND DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

### THIRD DEFENSE

Plaintiff has failed to exhaust all administrative remedies.

### FOURTH DEFENSE

Defendant's finding that the proposed project to make the Arlington Street MBTA station handicap-accessible by, *inter alia*, the construction of an elevator, the kiosk for which will be sited according to plans submitted by the MBTA, was not arbitrary, capricious, an abuse of discretion or otherwise contrary to law.

### FIFTH DEFENSE

Plaintiff is not entitled to equitable relief because they have not suffered and will not suffer any irreparable harm.

WHEREFORE, Defendant FTA, having fully answered the allegations in the Second

Amended Complaint, respectfully request that this Court enter judgment in favor of Defendant

FTA, dismissing the Second Amended Complaint, awarding Defendant costs for defense of this

action, and awarding such other relief as this court considers just and proper.

By its attorney,

MICHAEL J. SULLIVAN
United States Attorney

By:    /s/Barbara Healy Smith
       BARBARA HEALY SMITH
       Assistant U.S. Attorney
       U.S. Attorney's Office
       One Courthouse Way, Suite 9200
       Boston, MA  02210
       (617) 748-3263

DATED this 1st  day of November 2004

## CERTIFICATE OF SERVICE

This is to certify that I have this 1st  day of ___November___ 2004, served upon the
persons listed below a copy of the foregoing document by depositing in the United States mail a
copy of same in an envelope bearing sufficient postage for delivery:

Gerald Fabiano                           Stephen M. Leonard
Pierce, Davis & Perritano, LLP           Brown, Rudnick, Berlack Israels, PPC
Ten Wintrop Square                       1 Financial Center
5th Floor                                Boston, MA 02111
Boston, MA 02110

 /s/Barbara Healy Smith
Barbara Healy Smith
Assistant U.S. Attorney

14