UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| NEIGHBORHOOD ASSOCIATION OF THE BACK BAY, INC<br>Plaintiff | )<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION<br>NO. 04cv11550-RCL |
| FEDERAL TRANSIT ADMINISTRATION and MASSACHUSETTS BAY TRANSPORTATION<br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>) | ANSWER OF DEFENDANT MASSACHUSETTS BAY TRANSPORTATION AUTHORITY PRESENTING DEFENSE UNDER RULE 12 |

Defendant Massachusetts Bay Transportation Authority ("MBTA") answers the numbered paragraphs of the Complaint as follows:

1. The MBTA is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 1 and therefore denies those allegations.

2. The MBTA is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 2 and therefore denies those allegations.

3. The MBTA is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 3 and therefore denies those allegations.

4. The MBTA is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 4 and therefore denies those allegations.

4. (second)   The MBTA admits the allegations of the second paragraph numbered 4.

5. The MBTA admits the allegations of Paragraph 5.

6. Answering Paragraph 6, the MBTA admits that the Arlington Street Church is located in the Back Bay Historic District and says that it is without knowledge or information

sufficient to admit or deny the allegations contained in the remainder of the paragraph and therefore denies those allegations.

7. The MBTA is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 7 and therefore denies those allegations.

8. The MBTA is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 8 and therefore denies those allegations.

9. Paragraph 9 states conclusions of law as to which no response is required. To the extent that a response is required, the MBTA denies the allegations of the paragraph.

10. Answering Paragraph 10, the MBTA says that it intends to make the Arlington Street Station accessible to individuals with physical handicaps (as is required by federal law) by installing an elevator and stairway that will provide such access to individuals in wheelchairs and that the headhouse for the elevator will be on the north sidewalk of Boylston Street approximately 130 feet from the corner of Arlington and Boylston Streets.

11. The MBTA admits the allegations of Paragraph 11.

12. Answering Paragraph 12, the MBTA says that the headhouse for the proposed handicapped-accessible elevator will be located approximately 130 feet from the northwest corner of Arlington and Boylston Streets and that the view of the south elevation of the Arlington Street Church is at present obscured by signs, street vendors and vehicular traffic.

13. The MBTA admits the allegations of Paragraph 13.

14. The MBTA admits the allegations of Paragraph 14.

15. The MBTA admits the allegations of Paragraph 15.

16. The MBTA admits the allegations of Paragraph 16.

17. The MBTA admits the allegations of Paragraph 17.

18. Paragraph 18 states a conclusion of law as to which no response is required.

19. Answering Paragraph 19, the MBTA repeats its responses to paragraphs 13 through 18.

20. The MBTA admits the allegations of Paragraph 20.

21. Answering Paragraph 21, the MBTA says that the document referred to there speaks for itself.

22. Answering Paragraph 22, the MBTA says that the document referred to there speaks for itself; answering further the MBTA

(a) admits the allegations of Subparagraph 22(a);

(b) denies the allegations of Subparagraph 22(b);

(c) denies the allegations of Subparagraph 22(c);

(d) says that Subparagraph 22(d) states a conclusion of law as to which no response is required and, to the extent that a response is required, denies the allegations of the subparagraph;

(e) says that the document referred to in Subparagraph 22(e) speaks for itself and denies any other allegations in the subparagraph;

(f) denies the allegations of Subparagraph 22(f);

(g) says that the document referred to in Subparagraph 22(g) speaks for itself and denies any other allegations of the subparagraph;

(h) says that the document referred to in Subparagraph 22(h) speaks for itself and denies any other allegations of the subparagraph;

(i) says that Subparagraph 22(i) states a conclusion of law as to which no response is required and, to the extent that a response is required, denies the allegations

of the subparagraph;

(j) says that the MBTA is without knowledge or information sufficient to admit or deny the allegations contained in Subparagraph 22(j) and therefore denies those allegations;

(k) answering Subparagraph 22(k), the MBTA says that the proposed elevator and stairway do not contain any area for advertising.

23. Answering Paragraph 23, the MBTA admits that it notified the Massachusetts Historical Commission of its intention to construct the elevator headhouse referred to in Paragraph 10 of this Answer and denies the remaining allegations of the paragraph.

24. Answering Paragraph 24, the MBTA says that the document referred to there speaks for itself.

25. Paragraph 25 states a conclusion of law as to which no response is required; to the extent that a response is required, the paragraph is denied.

26. The MBTA admits the allegations of Paragraph 26.

27. Answering Paragraph 27, the MBTA says that the document referred to there speaks for itself.

28. Answering Paragraph 28, the MBTA says that the document referred to there speaks for itself and denies that the concurrence embodied in the document was "contingent".

29. The MBTA incorporates its responses to Paragraphs 1 through 28.

30. The MBTA admits the allegations of Paragraph 30.

31. The MBTA denies the allegations of Paragraph 31.

32. The MBTA denies the allegations of Paragraph 32.

33. The MBTA denies the allegations of Paragraph 33.

34. The MBTA denies the allegations of Paragraph 34.

35. The MBTA denies the allegations of Paragraph 35.

36. Paragraph 36 states a conclusion of law as to which no response is required. To the extent that a response is required, the MBTA denies the allegations of the paragraph.

37. The MBTA denies the allegations of Paragraph 37.

38. The MBTA denies the allegations of Paragraph 387.

39. The MBTA denies the allegations of Paragraph 39.

40. The MBTA incorporates its response to Paragraphs 1 through 39.

41. Answering Paragraph 41, the MBTA repeats its responses to paragraphs 13 through 18.

42. Answering Paragraph 42, the MBTA denies that any above-ground structures that are part of the new entrance to Arlington Street station are on the property of the Arlington Street Church and says that it cannot respond further because it does not understand the meaning of the phrase "land which is part of the significant historic site of the Arlington Street Station."

43. The MBTA denies the allegations of Paragraph 43.

44. Answering Paragraph 44, the MBTA says that the document referred to there speaks for itself; to the extent that a response is required, the paragraph is denied.

45. Answering Paragraph 45, the MBTA says that the document referred to there speaks for itself; to the extent that a response is required, the paragraph is denied.

46. The MBTA admits the allegations of Paragraph 46.

47. The MBTA admits the allegations of Paragraph 47.

48. The MBTA admits the allegations of Paragraph 48.

49. The MBTA admits the allegations of Paragraph 49.

50. Answering Paragraph 50, the MBTA says that the document referred to there speaks for itself.

51. Answering Paragraph 51, the MBTA says that the document referred to there speaks for itself.

52. The MBTA denies the allegations of Paragraph 52.

53. The MBTA denies the allegations of Paragraph 53.

54. Paragraph 54 states a conclusion of law as to which no response is required. To the extent that a response is required, the MBTA denies the allegations of the paragraph.

55. The MBTA denies the allegations of Paragraph 55.

56. The MBTA denies the allegations of Paragraph 56.

57. The MBTA denies the allegations of Paragraph 57.

58. The MBTA incorporates its responses to Paragraphs 1 through 57.

59. The MBTA denies the allegations of Paragraph 59.

60. Answering Paragraph 60, the MBTA admits that a consultation process has not been completed, denies that any consultation process is required and, to the extent that the paragraph makes any further factual allegations, denies those allegations.

61. Answering Paragraph 61, the MBTA says that it is without knowledge sufficient to form an opinion as to the truth of the allegation that the plaintiffs have not received any Memorandum of Agreement, denies that such a memorandum is required by MHC Regulations, admits that there is no such memorandum respecting the MBTA's construction of facilities designed to make the Arlington Street Station accessible to individuals with physical handicaps and, to the extent that the paragraph makes any further factual allegations, denies those allegations

62. Paragraph 62 states a conclusion of law as to which no response is required. To the extent that a response is required, the MBTA denies the allegations of the paragraph.

63. The MBTA denies the allegations of Paragraph 63.

56. (second) The MBTA denies the allegations of the second paragraph numbered 56.

57. (second) The MBTA denies the allegations of the second paragraph numbered 57.

## AFFIRMATIVE DEFENSE

Count III of the Complaint does not state a claim upon which relief can be granted.

WHEREFORE, defendant MBTA asks that this court dismiss plaintiffs' claims and enter judgment for defendants.

Respectfully Submitted by,
MASSACHUSETTS BAY TRANSPORTATION AUTHORITY

By its attorneys,

Stephen M. Leonard (BBO #294080)
Amanda Buck Varella (BBO #641736)
BROWN RUDNICK BERLACK ISRAELS LLP
One Financial Center
Boston, MA 02111
(617) 856-8200

Dated: November 1, 2004

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of November 2004, I caused a copy of the within Answer of Defendant Massachusetts Bay Transportation Authority Presenting Defense Under Rule 12 to be delivered to all counsel of record by first class mail:

Gerald Fabiano
Pierce, Davis, Fahey & Perritano, LLP
Ten Winthrop Square
Fifth Floor
Boston, MA 02110

Barbara Smith Healy
United States Attorney's Office
John Joseph Moakley Federal Courthouse
1 Courthouse Way
Suite 9200
Boston, MA 02210

_____
Stephen M. Leonard

#1301882 v\1 - leonarsm - rwj#01!.doc.1 - 20445/7