IN THE DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEIGHBORHOOD ASSOCIATION OF THE BACK BAY, INC. et al, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) ) |
| FEDERAL TRANSIT ADMINISTRATION and MASSACHUSETTS BAY TRANSPORTATION AUTHORITY, | ) ) ) ) ) |
| Defendants. | ) ) ) ) |

CASE NO.: 04-11550-RCL

**JOINT MOTION TO ACCEPT THE ADMINISTRATIVE RECORD AS THE L.R. 56.1 STATEMENT OF FACTS FOR COUNTS I AND II**

This action arises under the National Historic Preservation Act, 16 U.S.C. § 470f, and Section 4(f) of the Department of Transportation Act of 1966 ("DOTA"), 49 U.S.C. § 303, as well as the Administrative Procedure Act, 5 U.S.C. § 706, challenging defendant FTA's determination that a proposed ADA-compliant entrance to the Arlington Street MBTA transit station would not have an adverse effect on the historic qualities of the Arlington Street Church. The parties to this action are submitting cross-motions for summary judgment under Fed. R. Civ. P. 56. Local Rules 7.1 and 56.1 require motions for summary judgment to include a statement of material facts of record as to which the moving party contends there is no genuine issue to be tried, and oppositions to motions for summary judgment to include a concise statement of the material facts of record as to which it is contended there exists a genuine issue to be tried. The parties stipulate and agree that:

1) Counts I and II against the FTA are administrative review claims based on the

administrative record; and

2) for the purpose of deciding the parties' cross-motions for summary judgment, there are no facts material to Counts I and II outside of the administrative record;

The scope of judicial review is properly limited to the administrative record that was before the agency defendants at the time the challenged decisions were made. See, e.g., Fla. Power & Light Co. v. Lorion, 470 U.S. 729, 743-744 (1985); Camp v. Pitts, 411 U.S. 138 (1973). Under these circumstances, a L.R. 56.1 Statement of Material Facts "serves limited purpose," because, as a general rule, "all relevant facts are contained in the administrative record for such a case, and, as a result, there are no material facts in dispute." Maine v. Norton, 257 F. Supp. 2d 357, 363 (D. Me. 2003).

WHEREFORE the parties request that the Court grant this Motion and accept the Administrative Record as satisfying the requirements of L.R. 56.1 for deciding Counts I and II.

Respectfully submitted,

| Plaintiffs by their attorney: | Massachusetts Bay Transit Authority by its attorney: | Federal Transit Authority by its attorney: |
|---|---|---|
| /s/ Gerald Fabiano (by BHS w/ permission 3/28/05) <br> Gerald Fabiano <br> Pierce, Davis, Fahey & Perritano, LLP <br> 5th Floor <br> Ten Winthrop Square <br> Boston, MA 02110 <br> (617) 350-0950 | /s/ Stephen M. Leonard (by BHS w/ permission 3/28/05) <br> Stephen M. Leonard <br> Brown Rudnick Berlack Israels LLP <br> One Financial Center <br> Boston, MA 02111 <br> (617) 856-8148 | /s/ Barbara Healy Smith <br> Barbara Healy Smith <br> United States Attorney's Office <br> 1 Courthouse Way <br> Suite 9200 <br> Boston, MA 02210 <br> (617) 748-3100 |