UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEIGHBORHOOD ASSOCIATION OF THE BACK BAY, INC<br>Plaintiff<br><br>FEDERAL TRANSIT ADMINISTRATION and MASSACHUSETTS BAY TRANSPORTATION AUTHORITY<br>Defendants | CIVIL ACTION<br>NO. 04cv11550-RCL |

**DEFENDANT MBTA'S REPLY TO PLAINTIFFS' OPPOSITION TO THE MBTA'S CROSS MOTION FOR SUMMARY JUDGMENT AND SURREPLY TO PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Defendant Massachusetts Bay Transportation Authority ("MBTA") files this Memorandum in response to certain points raised in Plaintiff's Opposition to Defendants' Cross Motions for Summary Judgment and Reply to Defendants' Opposition to Plaintiffs' Motion for Summary Judgment ("Plaintiffs' Opposition").

I. <u>FTA APPROPRIATELY CONCLUDED THAT THE PROPOSED ELEVATOR WOULD NOT ADVERSELY AFFECT AN HISTORIC PROPERTY</u>.

There is no dispute that Section 106 of the National Historic Preservation Act, 16 U.S.C. §§ 461-470x-6, required the Federal Transit Administration ("FTA") to consider whether the MBTA's proposed elevator head house on the Boylston Street sidewalk would have an "adverse effect" on the Arlington Street Church.

While the plaintiffs purport to base their Section 106 argument on the requirement to "weigh effects", it is clear that their quarrel is with the *result* of that weighing: FTA's

conclusion that the proposed project will not have an adverse effect on the church. Their burden in this connection is substantial. FTA's determination may not be overturned unless it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." <u>Aertsen v. Landrieu</u>, 488 F.Supp. 314, 318 (D. Mass. 1980) aff'd 637 F.2d 12 (1st Cir. 1980). Plaintiffs offer a homely analogy in an attempt to meet this burden: The obligation to "stop, look and listen" before crossing railroad tracks "does not eliminate the need to make the correct substantive decision of crossing only when the senses do not suggest a train is coming." Plaintiffs' Opposition 5. But looking down the tracks and determining whether a train is coming is not the same as looking at a proposal for an elevator head house and determining whether it will have an adverse effect on a nearby historic property. The latter determination includes deciding whether the head house "may alter . . . any of the characteristics of [the church] that qualify [it] for inclusion in the National Register in a manner that would diminish the integrity of [its] location, design, setting, materials, workmanship, feeling or association." 36 C.F.R. § 800.05(a)(1). The "correct substantive decision", in this circumstance, is considerably less self-evident than the decision whether to cross the tracks when one sees a train. It was not arbitrary or capricious for FTA to conclude that the construction of an elevator head house will not "diminish the integrity" of the Arlington Street Church's "location, design, setting, materials, workmanship, feeling or association".

II. <u>THE PROJECT WILL NOT USE AN HISTORIC SITE</u>.

Defendants' initial submittals demonstrated that the work the MBTA proposes in order to make the Arlington Street Station accessible to people with handicaps will not "use" land of the Arlington Street Church within the meaning of Section 4(f) of the

Department of Transportation Act.[1]  Plaintiffs have now introduced a new argument: "[A] component of the Arlington Street Station project is the addition of a new ramp and stairs to the Arlington Street Church itself."  Plaintiffs' Opposition 7.  That is incorrect.

The project that the MBTA proposed and FTA approved involves the work necessary to make Arlington Street Station accessible – which does not include work on the church.  This is evident in figures in the administrative record, *see* AR 141-42, and in project descriptions there, *see* AR 311, 374, 722-23.  The record also discloses that there were ongoing discussions between the MBTA and the church on various issues.  *See* AR 490, 536, 574, 585, 606, 672.  One of those issues was the church's wish to construct its own accessibility improvements, on church property, near where the MBTA's improvements would be located.  These improvements are described in the Brief Amicus Curiae of Arlington Street Church, at page 3:

> In conjunction with its work on the project, the MBTA's contractor will construct accessibility improvements for the Church at the Church's Parish House.  The Church will bear the cost of these improvements through a reduction in the amount that will be paid by the MBTA for the acquisition from the Church of property interests that are necessary for the construction of the project.

The "project" that FTA approved is the MBTA's construction of accessibility improvements to its Arlington Street station.  Those improvements do not include adding a new ramp and stairs to the Arlington Street Church.

III.  MHC DETERMINED THAT THE PROJECT HAS NO ADVERSE EFFECT.

Plaintiffs continue to assert that the Massachusetts Historical Commission ("MHC") has not finally determined whether the MBTA's project will have an adverse effect on the Arlington Street Church or the Back Bay Historic District.  The new twist to

---

[1] 49 U.S.C. § 303(c).  *See* FTA Memorandum 20-24; MBTA Memorandum 16-17.

this argument is the one discussed in the previous section – that the "project" includes work on the church itself. But as is demonstrated in that section, the project that FTA approved does not involve work on the church. With respect to that project – the only one under review in this court – MHC has indeed concluded that there will be no adverse effect on historic sites.

## CONCLUSION

For the foregoing reasons and those in the Massachusetts Bay Transportation Authority's Memorandum of Law in Opposition to Plaintiffs' Motion for Summary Judgment and in Support of its Cross-Motion for Summary Judgment, the court should deny plaintiffs' Motion for Summary Judgment, grant the MBTA's Cross-Motion for Summary Judgment and enter judgment for defendants.

Respectfully submitted,
**Massachusetts Bay Transportation Authority**
By its attorneys,


 /s/ Stephen M. Leonard
Stephen M. Leonard (BBO #294080)
BROWN RUDNICK BERLACK ISRAELS LLP
One Financial Center
Boston, MA 02111
(617) 856-8200
Dated: April 29, 2005

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties below by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

| | |
|---|---|
| Gerald Fabiano | Barbara Healy Smith |
| Pierce, Davis, Fahey & Perritano, LLP | United States Attorney's Office |
| Ten Winthrop Square | John Joseph Moakley Federal Courthouse |
| Fifth Floor | 1 Courthouse Way |
| Boston, MA 02110 | Suite 9200 |
| | Boston, MA 02210 |

Herbert P. Gleason
Law Office of Herbert P. Gleason
50 Congress Street, Room 300
Boston, MA 02109

                                                      /s/ Stephen M. Leonard

Dated: April 29, 2005                                        Stephen M. Leonard

# 1359797 v1 - RYANJM - 020445/0007