IN THE DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEIGHBORHOOD ASSOCIATION<br>OF THE BACK BAY, INC. et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FEDERAL TRANSIT<br>ADMINISTRATION and<br>MASSACHUSETTS BAY<br>TRANSPORTATION AUTHORITY,<br><br>Defendants. | )<br>)<br>)<br>)<br>)  CASE NO.: 04-11550-RCL<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT FTA'S REPLY TO PLAINTIFFS' OPPOSITION TO FTA'S MOTION
FOR SUMMARY JUDGMENT AND REPLY TO DEFENDANT'S OPPOSITION**

Remarkably, in their Opposition to Defendants' Cross Motions for Summary Judgment and Reply to Defendants' Opposition to Plaintiffs' Motion for Summary Judgment ("Opposition and Reply"), plaintiffs continue to ignore the applicable federal regulations, and simply disregard both the import and particulars of the legal analysis in defendant FTA's principal brief. Instead, plaintiffs essentially attempt to amend their Second Amended Complaint ("Complaint") by inserting allegations they have not advanced before.

First, plaintiffs now – for the first time – allege that they will be injured by the modifications to the Arlington Street Station because they pass by the Church in walking or driving in their neighborhood, and the elevator and stairs allegedly will obstruct their view of the Church and thereby diminish their aesthetic enjoyment of the building. Neither the Complaint nor their Memorandum in Support of Motion for Summary Judgment, however, previously alleged any injury to either the individual plaintiffs or any members of the Association.

Plaintiffs apparently concede that they did not previously demonstrate standing when they assert that "the affidavits <u>filed with this opposition and reply</u> show" that they will be injured. Opposition and Reply at 2. Moreover, plaintiffs proffer apparent hearsay evidence to raise – for the first time – an allegation that in some vaguely identified meeting or presentation (that may have post-dated the FONSI plaintiffs challenge), an unnamed MBTA representative of unidentified authority "would not agree" on the spot that the MBTA would not accept advertising for the elevator or stairwell. Opposition and Reply at 2-3. Because those allegations are not based upon personal knowledge, they should be stricken.[1] <u>See</u> Defendant FTA's Motion to Strike, filed herewith.

      Second, in response to the FTA's argument that there was neither a direct nor constructive "use" of the Church within the meaning of the regulations that triggered the requirements of Section 4(f), plaintiffs raise – for the first time – the wheelchair ramp and new stairs to the Church that will be installed. Without reference to the regulations, without legal analysis or citation, plaintiffs aver that the new ramp and stairs are "a component" of the "Arlington Street Station project" and that the project therefore "uses" the building itself "under 49 U.S.C. sec. 303." Opposition and Reply at 7-8. That argument fails. The ramp is not part of the <u>transportation</u> project that the FTA is funding (<i>e.g.</i>, it is not depicted in the project drawings submitted to the FTA, <u>see</u> AR141-142, 394-95, or description of the project scope, AR311, 374, 722-23), but apparently is part of an agreement between the MBTA and the Church. <u>See</u> AR478,

---

    [1] In any event, this is a non-issue, because the ADA requires clear elevators. See "ADA Accessibility Guidelines for Buildings and Facilities," 49 CFR Part 37, Appendix A, Guideline 10.3.(17) at 56 Federal Register 45584, 45713 (September 6, 1991) ("Where provided, elevators shall be glazed or have transparent panels to allow an unobstructed view both in to and out of the car.").

490, 526, 672.

Moreover, plaintiffs cannot now essentially amend the allegations of their Complaint by suggesting that their claim of a violation of Section 4(f) is based on the ramp and stairs, neither of which is even mentioned in the Complaint, or plaintiffs' principal Memorandum for that matter. See Shekoyan v. Sibley Int'l Corp., 217 F. Supp. 2d 59, 73 (D.D.C. 2002) ("it is generally understood that the complaint may not be amended by legal memoranda that are submitted as oppositions to motions for dismissal or summary judgment") (citing Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1107 (7th Cir.1984) (cert. denied 470 U.S. 1054 (1985)). The sole, unambiguous basis of plaintiffs' Complaint and previous arguments was visual obstruction, or constructive use of the historic building. Plaintiffs completely fail to respond to the FTA's analysis and arguments that there is no constructive use, apparently conceding that point. The single, unsupported, inaccurate, and belated assertion that there is a "direct use" of the building falls far short of meeting plaintiffs' burden of demonstrating the FTA's approval was arbitrary or capricious, and so judgment must enter for the FTA on Count II.

The remainder of plaintiffs' arguments in the Opposition and Reply that apply to the claims against the FTA simply reiterate their two major themes: that the FTA could not have weighed the relevant factors because it reached a decision NABB would not have reached, and that the FTA improperly considered the objections of a single private owner in its approval of the project. Opposition and Reply at 5-7. In this, plaintiffs conflate the process followed by the MBTA to select a site, with the FTA's decision to approve, inter alia, the site selected. The record shows the FTA properly evaluated the effect on the historic building, including measures that would make the kiosk as unobtrusive as possible and compatible with the historic building,

and that it took historic preservation concerns into account. The record shows that the information before the FTA at the time it was asked to act on the project included a summary of the initial community meeting when everybody objected to putting the elevator kiosk squarely on <u>any</u> of the four corners, AR680-83, and the fact that the MBTA's architects went "back to the drawing board" to analyze alternatives, including potential off-corner sites. *E.g.*, AR270. It also included the information that the site selected was acceptable to the Church and the Boston Landmarks Commission, AR678, 707, was feasible from the standpoint of engineering concerns and City approvals, AR718-27, and not only preserved the historic front view of the Church but also would result in the removal of an unsightly "bunker-like" stairwell entrance currently located at the front of the Church. AR376. Nothing in plaintiffs' Opposition and Reply mends the deficiencies in their initial arguments, and so judgment must enter for the FTA on Counts I and II.

                                                      Respectfully submitted,

                                                      By their attorney,

                                                    MICHAEL J. SULLIVAN
                                                    United States Attorney

Dated: 29 April 2005                 By:    <u>/s/Barbara Healy Smith</u>
                                                            Barbara Healy Smith
                                                            Assistant U.S. Attorney
                                                            John Joseph Moakley U.S. Courthouse
                                                            1 Courthouse Way, Suite 9200
                                                            Boston, MA 02210
                                                           (617) 748-3263

## CERTIFICATE OF SERVICE

This is to certify that I have this 29th day of April 2005, served upon the persons listed below a copy of the foregoing DEFENDANT FTA'S REPLY TO PLAINTIFFS' OPPOSITION TO FTA'S MOTION FOR SUMMARY JUDGMENT AND REPLY TO DEFENDANT'S OPPOSITION by depositing in the United States mail a copy of the same in an envelope bearing sufficient postage for delivery:

| | | |
|---|---|---|
| Gerald Fabiano<br>Pierce, Davis & Perritano, LLP<br>Ten Wintrop Square<br>5th Floor<br>Boston, MA 02110 | Stephen M. Leonard<br>Brown, Rudnick, Berlack<br>Israels, PPC<br>1 Financial Center<br>Boston, MA 02111 | Herbert P. Gleason<br>Law Office of Herbert P. Gleason<br>50 Congress Street, Room 300<br>Boston, MA 02109 |

/s/Barbara Healy Smith
Barbara Healy Smith
Assistant U.S. Attorney

## L.R. 7.1 CERTIFICATION

The undersigned counsel certifies on April 29, 2005, that she has conferred with the parties and has attempted in good faith to resolve or narrow the issue.

/s/Barbara Healy Smith
Barbara Healy Smith
Assistant U.S. Attorney