IN THE DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEIGHBORHOOD ASSOCIATION OF THE BACK BAY, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> FEDERAL TRANSIT ADMINISTRATION and MASSACHUSETTS BAY TRANSPORTATION AUTHORITY, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> CA No. 04-11550-RCL |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION TO STRIKE PORTIONS OF TWO AFFIDAVITS**

Paragraph 5 "Affidavit of Dorothy Bowmer" (Docket No. 31) ("Bowmer Affidavit") and paragraph 5 of "Affidavit of Marianne Castellani" (Docket No. 32) ("Castellani Affidavit"), do not meet the standards outlined in Fed. R. Civ. P. 56(e) because they are not based upon personal knowledge, and thus should not be considered by this Court. Therefore, defendant Federal Transit Administration ("FTA") asks the Court to strike paragraph 5 of both affidavits.

**ARGUMENT**

**A.   Paragraph 5 of the Bowmer Affidavit and Paragraph 5 of the Castellani Affidavit Should be Stricken Because the Information Contained in Each Paragraph is not Based Upon the Affiant's Personal Knowledge as Required by Fed. R. Civ. P. 56(e).**

In response to an allegation that they lacked standing, plaintiffs filed, *inter alia*, the Bowmer Affidavit and the Castellani Affidavit with their Opposition to Defendants' Cross Motions for Summary Judgment and Reply to Defendants' Opposition To Plaintiffs' Motion for Summary Judgment (Docket No. 30). These two affidavits explain, *inter alia*, where the affiants live in the Back Bay and how often they pass the Arlington Street Church. The affidavits also

refer to a vaguely identified appearance of an unnamed "MBTA representative" at a meeting in the fall of 2004.[1] Bowmer Affidavit, at 2, ¶ 5, and Castellani Affidavit, at 2, ¶ 5. Without any indication that either affiant was even present at this alleged "presentation," both boldly allege that the MBTA representative was asked but "would not agree" to refrain from accepting advertising on the elevator kiosk (without specifying what elevator kiosk). Specifically, Bowmer avers, in pertinent part, that "[a]t a presentation by an MBTA representative about the MBTA's proposed construction on its subway stations in the Back Bay, the MBTA representative was asked whether the MBTA would agree not to allow advertising on its elevator structure. The MBTA representative said that the MBTA would not give up the right to sell advertising on its elevator and stairs." Bowmer Affidavit at 2, ¶ 5. Similarly, Castellani states, in relevant part, that "[i]n a meeting of an MBTA representative with community members in the fall of 2004 relating to the MBTA's proposed construction, the MBTA representative said that the MBTA would not agree to refrain from putting advertising on its elevator structure and stairways." Castellani Affidavit at 2, ¶ 5. Paragraph 5 of each affidavit apparently is based upon hearsay, not personal knowledge, and thus should be stricken.

"Rule 56(c) provides that a trial court may properly 'consider the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any' in ruling on a summary judgment motion." Garside v. Osco Drug, Inc., 895 F.2d 46, 49 (1st Cir. 1990). If a party chooses to utilize an affidavit in connection with a summary judgment motion, then that

---

[1] While it is unclear from these two affidavits whether the affiants are referring to the same supposed appearance of this MBTA representative or to two separate events, for the purposes of this motion and memorandum the defendant assumes that the affiants are both referring to the same purported meeting. If that is the case, then the meeting apparently occurred several months after the FTA issued the FONSI that plaintiffs have challenged, and so is outside of the administrative record in any event.

affidavit must be based upon personal knowledge. Fed. R. Civ. P. 56 (e). "Just as nonmovants 'may not rest upon the mere allegations or denials of [their] pleading' to oppose summary judgement, Fed. R. Civ. P. 56(e), they cannot expect the court, in considering answers to interrogatories, to give weight to averments not made upon personal knowledge or those which are in a form patently inadmissible at trial." Garside, 895 F.2d at 49. Furthermore, affidavits based upon "information and belief" do not satisfy the Rule 56(e) standard. Sheinkopf v. Stone, 927 F.2d 1259, 1271 (1st Cir. 1991) (internal citations omitted). Thus, affidavits not based upon personal knowledge, such as Paragraph 5 of the affidavits at issue here, are insufficient for the purposes of summary judgment.

Paragraph 5 of both affidavits should be stricken and accorded no probative force because they are not based upon personal knowledge in accordance with Fed. R. Civ. P. 56(e). Both of these affidavits lack any specific information about the date and location of this purported meeting, nor is there any indication that either of the affiants even was present. Moreover, a third party's representation of what an unidentified "MBTA representative" supposedly said, at a purported "presentation" that occurred at an unidentified time and location, amounts to inadmissible hearsay, if not double hearsay. "Hearsay evidence, inadmissible at trial, cannot be considered on a motion for summary judgment." Garside, 895 F.2d at 50 (internal citations omitted). Paragraph 5 of the two affidavits does not meet the Fed. R. Civ. P 56(e) requirements that affidavits be based upon the affiant's personal knowledge, and thus should be stricken and given no weight in the court's consideration of the instant cross-motions for summary judgment.

It is well within this Court's discretion to strike portions of an affidavit which do not

conform to the standards of Fed. R. Civ. P. 56(e), which requires that "[s]upporting and opposing affidavits shall be made upon personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Id.  If an affidavit submitted by a party for consideration by the court does not meet the standards outline in Rule 56(e), then the opposing party should promptly move to strike it.  Lacey v. Lumber Mut. Fire Ins. Co. of Boston, Mass., 554 F.2d 1204, 1205 (1st Cir. 1977).  "'A party must move to strike an affidavit that violates Rule 56(e); if he fails to do so, he will waive his objection and, in the absence of 'a gross miscarriage of justice,' the court may consider the defective affidavit.'"  Lacey, 554 F.2d at 1205 (internal citations and footnotes omitted).

      Since Paragraph 5 in both the Bowmer and Castellani affidavit do not meet the Fed. R. Civ. P 56(e) requirements that affidavits be based upon the affiant's personal knowledge, both paragraphs should be stricken.

**CONCLUSION**

For all of the above reasons, the Court should grant this motion and strike paragraph 5 of both the Bowmer and Castellani affidavits.

>Respectfully submitted,
>
>By their attorney,
>
>MICHAEL J. SULLIVAN
>United States Attorney

Dated: 29 April 2005          By:    /s/Barbara Healy Smith
                                     Barbara Healy Smith
                                     Assistant U.S. Attorney
                                     John Joseph Moakley U.S. Courthouse
                                     1 Courthouse Way, Suite 9200
                                     Boston, MA 02210
                                     (617) 748-3263

**CERTIFICATE OF SERVICE**

This is to certify that I have this 29th day of April 2005, served upon the persons listed below a copy of the foregoing Memorandum in Support of Motion to Strike Portions of Two Affidavits by depositing in the United States mail a copy of the same in an envelope bearing sufficient postage for delivery:

| | | |
|---|---|---|
| Gerald Fabiano<br>Pierce, Davis & Perritano, LLP<br>Ten Winthrop Square<br>5th Floor<br>Boston, MA 02110 | Stephen M. Leonard<br>Brown, Rudnick, Berlack<br>Israels, PPC<br>1 Financial Center<br>Boston, MA 02111 | Herbert P. Gleason<br>Law Office of Herbert P. Gleason<br>50 Congress Street, Room 300<br>Boston, MA 02109 |

>/s/Barbara Healy Smith
>Barbara Healy Smith
>Assistant U.S. Attorney

5

## L.R. 7.1 CERTIFICATION

The undersigned counsel certifies on April 29, 2005, that she has conferred with the parties and has attempted in good faith to resolve or narrow the issue.

/s/Barbara Healy Smith
Barbara Healy Smith
Assistant U.S. Attorney