UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

2005 MAY 13 P 4: 37

| | |
|---|---|
| NEIGHBORHOOD ASSOCIATION OF THE BACK BAY, INC. et al.<br>　　　　Plaintiffs<br><br>v.<br><br>FEDERAL TRANSIT ADMINISTRATION et al.<br>　　　　Defendants | CIVIL ACTION<br>NO. 04cv11550-RCL<br><br>PLAINTIFFS' OPPOSITION TO MOTION TO STRIKE PORTIONS OF TWO AFFIDAVITS |

The plaintiffs oppose the motion of defendant Federal Transit Administration ("FTA") to strike portions of the affidavits of Dorothy Bowmer and Marianne Castellani.

The FTA argued, in opposing the plaintiffs' motion for summary judgment and in the FTA's own motion for summary judgment, that the plaintiffs lack standing to assert their claims. FTA Consolidated Memorandum 17-18. Because standing requires injury to the plaintiffs, even an injury to aesthetic interests, *e.g.*, *United States v. Students Challenging Regulatory Agency Procedures*, 412 U.S. 669, 686 (1973), the plaintiffs submitted affidavits showing injury, including affidavits from plaintiffs Dorothy Bowmer and Marianne Castellani. The FTA argues that the statements in Ms. Bowmer's and Ms. Castellani's affidavits on the MBTA's unwillingness to agree to refrain from putting advertising on its structures

were without personal knowledge, and therefore unusable under Fed.R.Civ.P. 56(e).

Affidavits submitted for a motion for summary judgment are not required to contain a recitation that they are made upon personal knowledge. *RIV VIL, Inc. v. Tucker*, 979 F.Supp. 645, 660-661 (N.D.Ill.1997). Ms. Bowmer's and Ms. Castellani's affidavits, from the context in which the questioned statements are made, show personal knowledge that the MBTA representatives made the statements which the FTA challenges. See *Reddy v. Good Samaritan Hospital and Health Center*, 137 F.Supp.2d 948,956 (S.D.Ohio 2000)("Personal knowledge may also flow logically from the context of the affidavit.").

This is not a situation in which Ms. Bowmer or Ms. Castellani made statements upon information or belief, or in which they made conclusory statements without stating the underlying facts. They gave specific instances of MBTA representatives making specific statements. Compare *Schroeder v. McDonald*, 55 F.3d 454, 460 (9th Cir.1995)(personal knowledge of retaliatory motive shown by specific reference to two statements by employees of defendants' employer).

In addition, the plaintiffs submit two additional affidavits from Ms. Bowmer and Ms. Castellani which specifically state that they heard the MBTA representatives' statements about the MBTA's unwillingness to refrain from advertising on its glass enclosed elevator structures, even in front of historic

buildings. Affidavit of Dorothy Bowmer dated May 12, 2005; Affidavit of Marianne Castellani dated May 13, 2005. These additional affidavits, together with their original affidavits, show their personal knowledge that the MBTA representatives made the statements on the MBTA's unwillingness to refrain from selling advertising on elevator enclosures. See *Cattawba Indian Tribe v. South Carolina*, 978 F.2d 1334, 1342 (4th Cir.1992)(where original affidavit attacked for lack of personal knowledge, second affidavit showing personal knowledge, combined with original affidavit, sufficient for summary judgment motion).

The FTA also contends that because the MBTA representatives making the statements were unidentified, Ms. Bowmer's and Ms. Castellani's statements amount to hearsay. For Ms. Bowmer, her additional affidavit shows that one MBTA representative making the statement was Barbara J. Boylan, the Director of Design in the MBTA's Design and Construction department. Affidavit of Dorothy Bowmer dated May 12, 2005. The administrative record also verifies Ms. Boylan's position. AR281 (MBTA memorandum). Ms. Bowmer also identifies Andrew Brennan as saying that the MBTA would not enter into any agreement which would curtail future revenue from advertising. Affidavit of Dorothy Bowmer dated May 12, 2005. Mr. Brennan is the MBTA's Director of Environmental Affairs. AR368 (MBTA letter). Although Ms. Castellani does not remember the name of the MBTA representative who made the statement, she is clear that at a presentation at the Transportation Building in Boston, an MBTA representative

3

said that it was necessary to maximize advertising and to keep open the ability to sell advertising wherever possible. Affidavit of Marianne Castellani dated May 13, 2005. The context of this meeting and the statement's consistency with the MBTA statements in Ms. Bowmer's presence show that it was an MBTA representative who made this statement about maximizing advertising revenue in Ms. Castellani's presence.

## CONCLUSION

The District Court should deny the motion of defendant FTA to strike portions of the affidavits of Dorothy Bowmer and Marianne Castellani. The District Court should consider the entirety of their original affidavits, together with their affidavits of May 12, 2005 and May 13, 2005 in deciding the pending motions for summary judgment.

Plaintiffs Neighborhood Association of the Back Bay, Inc., Dorothy Bowmer, Marianne Castellani, Ann D. Gleason and Frederick C. Gleason

By their attorney

Gerald Fabiano  BBO No. 157130
Pierce, Davis & Perritano, LLP
10 Winthrop Square  5th Floor
Boston, MA 02110
617-350-0950

Certificate of Service

I hereby certify that a true copy of the above document was served upon all counsel of record, by mail, on May 13, 2005.

Gerald Fabiano