UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

2005 Jun 30  P 5: 24

|  |  |
|---|---|
| NEIGHBORHOOD ASSOCIATION OF THE BACK BAY, INC. et al.<br>　　　　Plaintiffs<br><br>v.<br><br>FEDERAL TRANSIT ADMINISTRATION et al.<br>　　　　Defendants | CIVIL ACTION<br>NO. 04cv11550-RCL<br><br>PLAINTIFFS' MOTION FOR LEAVE TO FILE ADDITIONAL PAPERS IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO DEFENDANTS' CROSS-MOTIONS |

　　　　The plaintiffs move under L.R. 7.1(B)(3) for leave to file the attached supplemental memorandum and for leave to submit the attached documents with the necessary authenticating affidavits or certifications within two weeks, if the defendants do not agree to their authenticity.

　　　　As grounds for this motion, the plaintiffs state the following.

1.　　In this claim seeking review of a finding by defendant Federal Transit Administration ("FTA") that a project proposed by defendant Massachusetts Bay Transportation Authority ("MBTA") will have no significant impact on historic interests, the plaintiffs have moved for summary judgment and the defendants have filed cross motions. Oppositions and replies have been filed. The motions were heard on June 30, 2005.

2.　　Late on June 27, 2005, the undersigned attorney for the plaintiffs received a document which will add to the showing that the FTA's approval of the MBTA's proposed project under 49 U.S.C. §303 was arbitrary and capricious. That

document is the attached National Park Service's "Inventory-Nomination Form ... Description of Bounds" for the National Register of Historic Places for the Back Bay District. This Description of Bounds shows that the southeast corner of Arlington Street and Boylston Street, a location for the MBTA's project which was rejected, is not within the Back Bay Historic District, but that the site approved for the MBTA's proposed project is within that historic district. No description of the bounds of the Back Bay Historic District was included within the Administrative Record, which described the project as within the Back Bay Historic District. The MBTA's Memorandum of Law at 12 n.5 and at 14-15, (which is not part of the Administrative Record) does not give the precise boundary description of the historic district as the midline of Arlington Street, as the attached Description of Bounds does, but only quotes a National Register of Historic :Places web site which explains that the district is "roughly bounded" by Arlington Street.

3. Another document, an excerpt from the attached March 1995 "MBTA Light Rail Accessibility Program Schematic Design Report," shows far more detailed consideration given to the southeast corner of Arlington Street and Boylston Street than was shown in the Administrative Record.

4. Consideration of the arguments in the attached, four page supplemental memorandum and in the attached documents will aid the Court in making a fair and just decision under the applicable law.

          Plaintiffs Neighborhood Association of the Back Bay, Inc., Dorothy Bowmer, Marianne Castellani, Ann D. Gleason and Frederick C. Gleason

          By their attorney

          _____
          Gerald Fabiano  BBO No. 157130
          Pierce, Davis & Perritano, LLP
          10 Winthrop Square  5th Floor
          Boston, MA 02110
          617-350-0950

Certificate of Conferring
LR 7.1(a)(2)

I certify that I have conferred with opposing counsel and attempted in good faith to resolve or narrow the issues presented in this motion.

_____
Gerald Fabiano

Certificate of Service

I hereby certify that a true copy of the above document was served upon all counsel of record, by mail and by e-mail, on June 30, 2005.

_____
Gerald Fabiano

Case 1:04-cv-11550-JLT    Document 48    Filed 06/30/2005    Page 4 of 4