UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| NEIGHBORHOOD ASSOCIATION | ) | CIVIL ACTION |
| OF THE BACK BAY, INC., et al. | ) | NO. 04cv11550-JLT |
| Plaintiffs | ) | |
| | ) | |
| | ) | |
| | ) | |
| FEDERAL TRANSIT | ) | |
| ADMINISTRATION and | ) | |
| MASSACHUSETTS BAY | ) | |
| TRANSPORTATION AUTHORITY | ) | |
| Defendants | ) | |

**DEFENDANT MASSACHUSETTS BAY TRANSPORTATION AUTHORITY'S
OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE
TO FILE ADDITIONAL PAPERS**

Following the hearing on cross motions for summary judgment in this case, plaintiffs

filed a Motion for Leave to File Additional Papers in Support of their Motion for Summary

Judgment and in Opposition to Defendants' Cross-Motions ("Plaintiffs' Motion") and a

Supplemental Memorandum in Support of Plaintiffs' Motion for Summary Judgment and in

Opposition to Defendants' Cross Motions ("Supplemental Memorandum").[1]

Defendant Massachusetts Bay Transportation Authority ("MBTA") opposes plaintiffs'

motion, on two grounds. First, there is no reason for the late filing of these papers. Second, the

filing does not add anything to the issues presented to the court for resolution.

---

[1] Plaintiffs had e-mailed to defendants a slightly different version of these papers on the night before the summary judgment hearing. That earlier version did not address the fact that a brief filed three months earlier by defendant MBTA had described a matter that plaintiffs purported to be raising for the first time in the new papers.

**BACKGROUND**

Plaintiffs seek to introduce two documents and to make additional legal arguments based on them.  The first document is a single page bearing the heading "United States Department of the Interior/National Park Service/National Register of Historic Places/Inventory Nomination Form."  The page contains a "Description of Bounds" of the "Back Bay District".  Plaintiffs seek to use this document to show the precise boundaries of the Back Bay Historic District.  They then suggest (although they do not say so directly) that the Federal Transit Administration ("FTA") misunderstood where these boundaries are and, therefore, "failed to consider an important aspect of the problem," thereby rendering its decision unlawful.  Supplemental Memorandum 2.

The second document is a 10 page excerpt from what appears to be a multi-page document.  The heading on the first of the ten pages is "6.3  Arlington".  Plaintiffs seek to use this document to demonstrate that the MBTA considered several alternatives for siting the Arlington Street station accessibility improvements at the southeast corner of Arlington and Boylston Streets.

**ARGUMENT**

I.    <u>Plaintiffs Have Not Established a Basis for the Late Filing</u>.

There is no basis for permitting plaintiffs to file these papers at this time.  Plaintiffs have known the facts that are purportedly disclosed by the two documents since well before this litigation began.  And with regard to the documents themselves, the first is a public document with which we can assume plaintiff Neighborhood Association of the Back Bay ("NABB") would have been familiar, and the second was referred to specifically by NABB during the administrative process in this case.

A.    The Historic District Boundary Document.

NABB was founded in 1955.[2]  *See* http://www.nabbonline.com.  According to its website, "NABB's purpose, as expressed in its Articles of Organization, is to '…combat community deterioration, to preserve and protect the architectural beauty of the Back Bay, and to further Back Bay's residential character.'" *Id*.  The Back Bay Historic District was established in 1973.  *See* www.nationalregisterofhistoricplaces.com/MA/Suffolk/districts.  NABB's website includes a map of the "Back Bay Architectural District" that clearly shows boundaries corresponding to those described in the "Description of Bounds" document that plaintiffs' offer – boundaries that exclude the southeast corner of Arlington and Boylston Streets.  The map is attached hereto as Exhibit A.  In short, there is no basis for NABB to claim that it only just now came upon documentation showing that the Back Bay Historic District does not extend to the building on the southeast corner of Arlington and Boylston Streets.

B.    The Schematic Design Report.

Likewise with respect to the 10 page excerpt with the heading "6.3 Arlington".  That document has a footer that reads "MBTA Light Rail Accessibility Program      Schematic Design Report      Rev. #      March 1995."  On March 8, 2000, the NABB Architectural Committee referred directly to this document in a letter to the Back Bay Architectural Commission that is a part of the Administrative Record.  The letter refers to "[t]he 'MBTA Light Rail Accessibility Program, Schematic Design Report', dated March 1995", which NABB described at the time as "show[ing] 3 alternative access entrances to the Arlington Street Station.  All are on the east side of Arlington Street, at the Public Garden or Heritage side."  AR 552, ¶4.

---

[2] The other plaintiffs are individuals identified in the Complaint as being members of NABB.  See Amended Complaint for Declaratory and Injunctive Relief, ¶¶ 2-3.

There is no basis for plaintiffs to claim that they were unaware before late June of 2005 either of the facts that they now seek to introduce or of the specific documents containing those facts. The Motion for Leave is simply another attempt to derail a process that has been ongoing for a decade, first administratively and now for a year in this court.

      2.    <u>The Documents Add Nothing to this Case.</u>

Even apart from the timing of the proffer, the contents of the two documents add nothing to the record in this case. The apparent reason for offering the document showing the boundaries of the Back Bay Historic District is to establish a fact of which the MBTA and the FTA were purportedly unaware – that the southeast corner of Arlington and Boylston Streets is not in the district. But everyone involved in this process knew that. When a location is within the Historic District or next to an historic site, documents in the Administrative Record indicate that fact. *See* AR 375, 379, 680-1, 690. When a location is not within the district, for example, the southeast corner of Arlington and Boylston Streets, the record discloses that too, by its silence about historical considerations. *Id*. Judicial review of administrative decision making is not a game of "gotcha". The MBTA and FTA plainly understood that some of the sites that were considered presented issues with respect to historic properties or districts and some – including the southeast corner of Arlington and Boylston – did not.

The other document, the excerpt from the 1995 Light Rail Report, is offered because it allegedly "shows far more detailed consideration given to the southeast corner of Arlington Street and Boylston Street then was shown in the Administrative Record." Plaintiffs' Motion 2. The exact opposite is true. The excerpt is from a document entitled Light Rail Accessibility Program/Schematic Design Report/Draft Submission/March 1995. The Cover Page, Table of

Contents and Introduction of the report are attached as <u>Exhibit B</u>.[3]  The report contains, as its title indicates, **schematic** designs for accessibility improvements.  As the Table of Contents shows, it does so for **29 stations** on the MBTA's Red and Green Lines.  This report was, obviously, a "first step" (*see* Exhibit B at 1-1) toward making a major portion of the MBTA system accessible to handicapped people.  It was followed, with respect to Arlington Street station, by increasingly detailed consideration of the advantages and disadvantages of particular locations for that station's accessibility improvements.  That consideration is reflected in the Administrative Record that was filed by FTA.  There is no basis whatever for adding a "schematic" report that relates to 29 separate MBTA stations to that record or to the documents that the court should consider.[4]

<u>CONCLUSION</u>

For all the foregoing reasons, the court should deny plaintiffs' Motion for Leave to File Additional Papers.

Respectfully submitted,
**Massachusetts Bay Transportation Authority**
By its attorneys,


/s/ Stephen M. Leonard
Stephen M. Leonard (BBO #294080)
BROWN RUDNICK BERLACK ISRAELS LLP
One Financial Center
Boston, MA 02111
(617) 856-8200
Dated: July 12, 2005

---

[3] The entire report is available if the court wishes to review it.

[4]  Plaintiffs point out that the Administrative Record contains seven documents that pre-date the report. Supplemental Memorandum 4.  It is unclear what bearing this has on their motion.  In any event, those earlier documents reflect the initial correspondence between FTA and the MBTA regarding compliance with the Americans with Disabilities Act – setting the stage for the detailed consideration of implementation of that compliance at the Arlington Street station.  There is nothing about the inclusion of this correspondence that bears on the relevance of the "schematic" report for this proceeding.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties below by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

Gerald Fabiano
Pierce, Davis, Fahey & Perritano, LLP
Ten Winthrop Square
Fifth Floor
Boston, MA 02110

Herbert P. Gleason
Law Office of Herbert P. Gleason
50 Congress Street, Room 300
Boston, MA 02109

Barbara Healy Smith
United States Attorney's Office
John Joseph Moakley Federal Courthouse
1 Courthouse Way
Suite 9200
Boston, MA 02210

                                                      _____/s/ Stephen M. Leonard
Dated: July 12, 2005                                  Stephen M. Leonard

## <u>CERTIFICATE OF SERVICE</u>

**[INSERT CERTIFICATE OF SERVICE PLEASE]**

# 1374248 v1 - LEONARSM - 020445/0007