UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| NEIGHBORHOOD ASSOCIATION | ) | |
| OF THE BACK BAY et al., | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION NO. |
| | ) | 04-11550-JLT |
| v. | ) | |
| | ) | |
| FEDERAL TRANSIT ADMINISTRATION | ) | |
| and MASSACHUSETTS BAY | ) | |
| TRANSPORTATION AUTHORITY, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ON PLAINTIFFS' MOTION FOR
## LEAVE TO FILE ADDITIONAL PAPERS

September 14, 2005

DEIN, U.S.M.J.

This matter is before the court on "Plaintiffs' Motion for Leave to File Additional Papers in Support of Their Motion for Summary Judgment and in Opposition to Defendants' Cross-Motions" (Docket No. 48). That motion is DENIED.

As an initial matter, the motion is untimely and the plaintiffs have offered no explanation for their belated attempt to enlarge the Administrative Record with pre-existing documents. Moreover, the documents do not add any relevant information to the case. The National Park Service's form merely confirms an undisputed fact – namely, that the southeast corner of Arlington and Boylston Streets is not in the Back Bay Historic District. As the MBTA asserts in is opposition to the motion, "[t]he MBTA and

FTA plainly understood that some of the sites that were considered presented issues with respect to historic properties or districts and some – including the southeast corner of Arlington and Boylston – did not."  (Docket No. 51 at 4).

Similarly, the 1995 Light Rail Report is part of an initial analysis of ways to provide ADA-compliant accessibility on the MBTA's Red and Green Lines.  (See Docket No. 51 at Ex. B at 1-1).  The Administrative Record shows the subsequent analyses which are relevant to the issues presented by the motions for summary judgment. Consequently, the plaintiffs' motion for leave to file additional papers is DENIED.

/s/ Judith Gail Dein

JUDITH GAIL DEIN
UNITED STATES MAGISTRATE JUDGE